## A. L. LEDBETTER v. DALLAS COUNTY.

Decided May 23, 1908.

**1.—Sheriff—Fees—Attendance upon Court—Statute Construed.**

Under the provisions of articles 4900, 1531e and 2460, Revised Statutes, a sheriff is entitled to compensation by his county for the attendance of himself or only one deputy upon any court in his county while in session, and this without regard to the necessity for a greater number of sheriffs to attend upon the court.

**2.—Same—Authority of District Judge.**

A district judge has no authority to bind a county for the compensation of a greater number of sheriffs in attendance upon his court than the Legislature has allowed, viz., one officer at two dollars per day. Such judge has no inherent power to create a debt against the county for the attendance of a greater number of officers.

**3.—Same—Guards at Jail—Approval of Commissioners' Court—Statute Construed.**

Action of a Commissioners' Court, although informal, in authorizing a sheriff to employ guards at the county jail, considered, and held sufficient to bind the county under the provisions of article 4898, Revised Statutes, which contemplates that before a sheriff employs guards for the jail he should have the approval of the Commissioners' Court.

**4.—Same—Ratification—County Auditor—Case Distinguished.**

A Commissioners' Court having the authority in the first instance to authorize the employment of guards for the county jail may, after such employment, ratify the action of the sheriff in doing so, and a county auditor is bound by such ratification. The case of Anderson v. Ashe, 99 Texas, 447, distinguished.

Error from the District Court of Dallas County.  Tried below before Hon. T. F. Nash.

*Kenneth Foree* and *K. R. Craig,* for plaintiff in error.—The court erred in sustaining defendant's exception, to the item in plaintiff's petition embracing claim for services of an extra deputy sheriff in the Criminal District Court.—Sayles Civ. Stat., arts. 4900, 2460, 876; Vigo Co. v. Stout, 136 Ind., 53, 22 L. R. A., 398, and note; White v. Gwin, 136 Ind., 562, 22 L. R. A., 402; Lycoming Co. v. Hall, 7 Watts (Pa.), 290; Watson v. Moniteau Co., 53 Mo., 133.

The facts pleaded would show an approval by the Commissioners' Court of the act of the sheriff in employing extra guards for the jail, as well as a recognition by that court of the necessity therefor, although there may have been no formal order entered on the minutes of the court.  Ewing v. Duncan, 81 Texas, 230; Waggoner v. Wise County, 17 Texas Civ. App., 220; Boydston v. Rockwall Co., 86 Texas, 236; Corzine v. Williams, 85 Texas, 506; Noel Young Bond & Stock Co. v. Mitchell County, 21 Texas Civ. App., 646.

*Dwight L. Lewelling,* County Attorney, and *Walter F. Seay,* Assistant, for defendant in error.—A county can only be bound in a manner and to the extent prescribed by statute.  A county is not liable for the expenses of running a District Court within its border except to the extent prescribed by the Legislature.

In Texas a district judge has no power to create liability on a county; the finances of counties have been left to the Commissioners' Court, and even the Commissioners' Court can only bind a county, where and in the manner prescribed by the Legislature.

An order by a district judge to a sheriff to furnish an extra deputy in his court is a matter entirely between the sheriff and court, and can not create a liability on the part of the county in which a district judge is sitting, for the services of said extra deputy.  Rev. Stats., arts. 1531e, 1537, subd. 8, 2460, 2462; Acts of Legislature, 1903, page 160; Baldwin v. Travis County, 88 S. W., 484; Robinson v. Smith, 76 S. W., 584.

A county can not be bound by either custom or estoppel.  It must be bound only in the manner prescribed by law and in exactly the terms of the law.  It must be based upon some statutory provision.  McDade v. Waller, 3 White & Wilson, sec. 110; Robinson v. Smith, 76 S. W., 584; art. 4898, Civil Statutes; Gano v. Palo Pinto County, 71 Texas, 102; Baldwin v. Travis County, 88 S. W., 484.

BOOKHOUT, ASSOCIATE JUSTICE.—This is a suit by the plaintiff in error, the sheriff of Dallas County, against Dallas County, to recover for services of guards at the jail furnished by him.  He alleged the necessity for extra guards, setting out the facts, and alleged they were provided by the authority and approval of the Commissioners' Court of said county, but that his claims when presented to the auditor of Dallas County had been by him rejected and disapproved.  He sued also for the services of an extra deputy sheriff in attendance upon the Criminal District Court of Dallas County.  He alleged that he had been compelled by order of the judge of the Criminal Court to furnish said

extra deputy in addition to the one regular deputy kept in attendance upon said court, the said District Judge holding that such additional deputy was necessary to the proper dispatch of business in his court. But that the claims for the services of such additional deputy, when presented to the auditor of Dallas County, had been by him rejected and disapproved.

The defendant answered by demurrers, general denial, and special answers. Plaintiff filed supplemental petition, to which defendant filed exceptions. Cause was tried before the court without a jury, which trial resulted in a judgment for the plaintiff for a sum much less than sued for. The court filed conclusions of fact and law, to which conclusions the plaintiff in error filed special exception. Motion for new trial by plaintiff was overruled, and he brings the case to this court by writ of error.

1. The first question for our determination is, Can the county of Dallas be held liable for the attendance of two deputy sheriffs upon the Criminal District Court while in session? The trial judge found in reference to the sheriff's attendance upon that court as follows:

"I find that for proper dispatch of business in the Criminal District Court of Dallas County there is a necessity for two deputies in said court.

"I further find that the judge of the said court has insisted upon and instructed and ordered the sheriff to place two deputies in that court.

"I find that in regard to the extra deputies in the said Criminal District Court that there has never been any action taken by the Commissioners' Court in regard to the same other than they have heretofore allowed and paid the account presented for the services of such deputies."

Dallas County has a regularly appointed and qualified auditor. The account for the attendance of two deputy sheriffs upon the Criminal District Court was presented to the auditor for approval and by him disallowed. The trial judge was of the opinion that the county was only liable for two dollars per day for the attendance of the sheriff or his deputy upon the District or County Courts, and approved the action of the auditor in allowing the sheriff two dollars per day for the attendance of one deputy sheriff upon the Criminal District Court.

It is contended by the plaintiff in error that the purpose of the statute was simply to make certain the duty of the sheriff to attend on the sessions of the court or furnish a deputy for that purpose, and the compensation prescribed of $2.00 per day was intended to fix the pay for such services where the sheriff attended in person or furnished one deputy in his place; that it was evidently not the purpose of the Legislature to shift the burden of running the court from the county to the sheriff, neither was it the purpose of the Legislature to limit the court to the use of one deputy or one officer, regardless of its necessities, nor to limit the compensation of the sheriff to the pay for one deputy when more were required and furnished. Article 4900 of the Revised Statutes provides as follows: "Each sheriff shall attend upon the District, County and Commissioners' Courts for the county." By article 1531e of the Revised Statutes, the sheriff as to his attendance upon the Criminal District Court is governed by the same rules and regulations as apply to other District Courts. Article 2460, Revised Statutes, among

other things, provides as follows: "For every day the sheriff or his deputy shall attend the District or County Court, he shall receive two dollars a day to be paid by the county for each day the sheriff by himself or a deputy shall attend said court." This statute stipulates that for every day the "sheriff or his deputy" shall attend the District Court he shall receive two dollars per day. And again, that the county shall pay a like sum for each day the "sheriff by himself or a deputy" shall attend said court. This statute speaks of the sheriff or his deputy, using the singular number in each instance. In providing that the sheriff shall receive two dollars per day for every day he or his deputy shall attend the District or County Court, and making the county liable "for each day the sheriff by himself or a deputy shall attend said court," the Legislature expressly limited the liability of the county for such attendance to two dollars per day. This provision of the statute appears in the chapter fixing the fees of county officers, which chapter embraces the entire subject of fees, except where there is a specific statute providing for additional duties and fixing their fees therefor. There is no other statute fixing the amount the sheriff shall receive for attendance upon the District Court or stipulating the amount the county shall pay therefor. In our opinion the county is only liable for two dollars per day for the attendance of the sheriff or his deputy upon the Criminal District Court.

Again, it is contended that the District Judge has inherent power to provide such facilities as may be necessary to the proper dispatch of business in his court, and to create a debt against the county therefor. Having already held that the Legislature has by article 2460 limited the liability of the county for the sheriff's attendance upon the District Court to two dollars per day for each day's attendance, the District Judge was not authorized to bind the county beyond that sum.

The action of the court in sustaining the exception to that part of the petition seeking to recover for the attendance of two deputies upon the Criminal District Court, if error, was harmless in view of the fact that the case was tried by the court and in his conclusions of fact he found all the material facts alleged in the petition.

2. Did the trial court err in refusing to allow plaintiff in error pay for the services of two guards at the jail? There is a necessity for two men at the jail and ever since plaintiff in error qualified as sheriff he has had two men at the jail, one of which he has paid $75 per month, and one $60 per month. These two men have performed all the necessary work to be done in caring for the prisoners. The jail is three stories in height, and the prisoners are confined in each story. When sitting in the office of the jail a person can see only about one-half of the cells on the lower floor. Dallas County jail is one of the largest jails in the State. A short time after plaintiff's qualification as sheriff of Dallas County and after he had employed the said two men he went into the room in the courthouse occupied by the Commissioners' Court; there were three commissioners in the room at that time; he stated that he wanted to know what to do about the pay for the boys at the jail; that in response to such inquiry one of the commissioners replied, go ahead and pay the boys and make out your account and the Commissioners' Court will allow it. The court was in session at the time, but

there seemed to be no chairman, nor was there any motion made or vote by the commissioners present. There was no order entered upon the minutes of the Commissioners' Court in regard to this action. The commissioners knew that the sheriff had not appointed a jailer, and also knew of the necessity of two guards at the jail and that the sheriff had employed two guards for the jail and acquiesced in his action. There was testimony that since 1893 and under the administration of former sheriffs, the Commissioners' Court had allowed and paid for two guards at the jail. Article 4898 of the Revised Statutes contemplates that before the sheriff employs guards at the jail he should have the approval of the Commissioners' Court, or in case of emergency, the approval of the county judge. We are of the opinion that under the facts the sheriff had the approval of the Commissioners' Court within the meaning of this statute in the employment of two guards at the county jail.

Again, it is shown that after the guards were employed and the account for their services presented to the auditor and disallowed, the sheriff presented to the Commissioners' Court a petition asking that an order be passed by the court approving his action in employing guards. The court thereupon, on September 11, 1906, passed an order as follows: "It is ordered by the court that the action of the sheriff in the employment of two guards for the security of the county jail and the safe keeping of the prisoners therein be and the same is hereby approved for such time between the first day of November, 1905, and the fifth day of September, 1906, as he has not already received his compensation." After the passage of this order the account was again presented to the auditor and by him again disallowed. The effect of this order was to ratify the action of the sheriff in employing guards at the jail. The Commissioners' Court had the power to authorize the employment of these guards in the first instance, and if it be conceded that the act of the sheriff in calling the attention of that court to the matter of pay for such guards, and the knowledge and acquiescence of that court in his action in employing them was not such approval as is contemplated by article 4898 of the statutes, still his action in this respect could be ratified by that court and the passage of the order of September 11, 1906, had that effect. The Commissioners' Court by this action did not attempt to pass upon the claim of the sheriff for the services of two guards at the jail, but only approved and ratified the sheriff's action in employing the guards. Two guards were in fact necessary at the jail, and this suit seeks to recover judgment for their services. It is not a suit against the auditor to require him to approve the claim. In this respect the case differs from the case of Anderson v. Ashe, 99 Texas, 447, cited and relied upon by defendant in error, holding that the Commissioners' Court is not authorized to allow a claim and cause a warrant to be drawn for its payment after it has been disallowed by the auditor. After the passage of this order it was the duty of the auditor to allow the account, if valid in other respects. The trial judge was of the opinion that the sheriff should have appointed a jailer, as provided by article 52 of the Code of Criminal Procedure. He was of the opinion that one of the guards so employed was in fact a jailer and that his services should be paid by the sheriff and not by the county,

as provided by article 1098, Code Criminal Procedure. . We do not concur in this conclusion. The question whether the sheriff should employ a jailer does not arise in this case. It is conceded that a jailer has not been appointed for Dallas County, and whether one should be appointed can not be raised in this proceeding. The entire evidence is that two guards were employed by the sheriff with the knowledge and acquiescence of the Commissioners' Court, and they were necessary at the jail, and that after the services were rendered and the auditor refused to allow the account for their pay, the Commissioners' Court passed a formal order approving and ratifying the sheriff's action. By statute the sheriff is allowed one dollar and fifty cents, per day for each guard necessarily employed by him. Article 1098, Code Criminal Procedure.

In our opinion the trial court erred in not rendering judgment for the plaintiff for the two guards instead of only one. The judgment will be reformed and here rendered for appellant for the services of two guards at the jail.

*Reformed and affirmed.*

Writ of error refused.