POWELL et al. v. ARCHER COUNTY.
(No. 8711.)

(Court of Civil Appeals of Texas. Ft. Worth.
Oct. 20, 1917. Rehearing Denied
Dec. 1, 1917.)

1. APPEAL AND ERROR ⬡⟿1064(1)—HARMLESS
ERROR — TAX COLLECTORS — DUTY TO AC-
COUNT—INSTRUCTIONS.

In action by county to recover from tax collector moneys unlawfully retained by him, where it appeared that he had received credit as for delinquent property for taxes actually collected, and not turned over to the treasurer, instruction that it was his duty to turn over taxes collected to the proper county officers was not prejudicial, though it was his duty to turn them over to the treasurer.

2. APPEAL AND ERROR ⬡⟿501(4) — SCOPE — PRESERVATION OF EXCEPTIONS.

An assignment of error in an instruction not embodied in the bill of exceptions taken to such instruction cannot be considered.

3. TAXATION ⬡⟿567 — ACTION AGAINST COL-LECTOR—INSTRUCTIONS—WAIVER OF RIGHTS.

In action by county against tax collector for moneys unlawfully retained, refusal of defendants' requested instruction defining negligence and submitting issues whether the county commissioners were negligent in failing to discover the fraud before certain different dates was not error, such instruction having a tendency to confuse, especially where defendants failed to object to an instruction using words "due diligence," or to request definition thereof.

4. APPEAL AND ERROR ⬡⟿742(5)—SCOPE—AS-SIGNMENT OF ERROR—SUFFICIENCY.

Assignment of error to refusal of instruction followed by statement containing only conclusions of fact, and not the evidence, cannot be considered.

5. TAXATION ⬡⟿567—COLLECTORS—DEFAULT—EFFECT.

Negligence of county commissioners in failing to perform statutory duties in passing on reports of tax collector does not necessarily constitute notice of his defalcation, so that, in the county's action for moneys unlawfully retained by him, requested instruction declaring statutory duties, without requiring knowledge of facts by commissioners as prerequisite to finding such negligence on their part as would bar recovery under plea of limitation was properly refused.

6. EVIDENCE ⬡⟿178(3)—SECONDARY EVIDENCE—BURNING PAPERS.

Where tax collector's original returns were burned by order of court, secondary evidence of their contents was admissible.

7. EVIDENCE ⬡⟿186(9)—SECONDARY EVIDENCE—COMPETENCY.

Where reports of county taxes filed with commissioners' court and later destroyed were, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 7619, identical as to property covered and taxes collected with reports required to be filed with the state comptroller by article 7618, and, under article 7621, a list of delinquents was filed also with the state, the records of the state taxes were admissible in the county's action for taxes collected and unlawfully retained.

8. TAXATION ⬡⟿567 — TAX COLLECTORS — DE-FAULT ACTIONS—EVIDENCE—ADMISSIBILITY.

In county's action against tax collector for taxes collected and unlawfully retained, receipts for taxes given owners of property which he reported as delinquent were admissible in evidence.

9. APPEAL AND ERROR ⬡⟿1051(1)—HARMLESS ERROR.

In county's action against tax collector for taxes collected and unlawfully retained, the error, if any, in admitting the draft drawn by the tax collector on one of the property owners for taxes due by him was harmless in view of the fact that the receipt for the same taxes was introduced in evidence and showed beyond controversy the receipt by the tax collector of the taxes for which the draft was drawn.

10. TAXATION ⬡⟿567—TAX COLLECTORS—DE-FAULT ACTIONS—EVIDENCE—ADMISSIBILITY.

In county's action against tax collector for taxes collected and unlawfully retained, it was not error to exclude testimony that the tax collector was solvent and able to pay his debts while in office.

11. TAXATION ⬡⟿567—TAX COLLECTORS—DE-FAULT ACTIONS—EVIDENCE—ADMISSIBILITY.

In county's action against tax collector for taxes collected and unlawfully retained, it was not error to exclude entire tax rolls, which included much immaterial matter.

12. APPEAL AND ERROR ⬡⟿1052(5)—HARMLESS ERROR—EVIDENCE.

Error, if any, in permitting a witness to give the aggregate of items of shortage in a tax collector's accounts, computed from testimony of another witness as to the specific items, was harmless where the jury awarded less than the aggregate.

13. EVIDENCE ⬡⟿471(34) — CONCLUSIONS — COMPUTATION.

It was not reversible error to permit a witness to give his conclusions as to a tax collector's proportionate share of taxes collected; such amount being a mere matter of computation.

Appeal from District Court, Archer County; Wm. N. Bonner, Judge.

Action by Archer County against J. D. Powell and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Kay &· Akin, of Wichita Falls, for appellants. Martin, Bullington, Boone & Humphrey, of Wichita Falls, for appellee.

DUNKLIN, J. J. D. Powell was tax collector of Archer county for four terms beginning in December, 1900, and ending in December, 1908, and the county instituted this suit to recover of him and his bondsmen $4,799.01, the aggregate of divers sums of taxes due the county, which plaintiff alleged Powell had collected and converted to his own use.

A judgment was rendered in favor of the county for $3,659.49 principal, and $134.17, interest, against Powell and his bondsmen as sureties, the same being apportioned among the different sets of bondsmen in accordance with an agreement between them and · the plaintiff made in the trial court with respect to the liability of such bondsmen in the event they should be legally held liable at all. From that judgment the defendants have appealed.

In addition to a general denial, defendants pleaded the statute of limitation of four years. Replying to the plea of limitation, plaintiff pleaded the fraud of Powell in converting the taxes to his own ·and con-cealing the fraud from plaintiff.

The accounts of Powell during the period of time in controversy were audited by an expert accountant, who testified fully as to

the results of his labors. The principal data used by him were the tax rolls made out by the assessor of taxes of the county, the monthly reports made by Powell as tax collector to the comptroller of the state, Powell's report of delinquent taxes, his tax receipt stubs, and tax receipts issued by him to divers property owners who paid their taxes.

The case was submitted to a jury on special issues. By issue No. 1 the court instructed the jury that it was the duty of Powell as tax collector "to faithfully collect and turn over to proper county authorities all money collected by him which may be due the county for taxes." And in connection with that instruction the jury were asked to determine whether or not he had failed to turn over to the proper county authorities of Archer county any money due the county for taxes theretofore collected by him as tax collector. An affirmative answer was given to that issue.

[1] Appellants insist that the jury should have been told that it was the duty of the tax collector to turn over to the county treasurer all taxes collected by him, and that it was error to charge that it was his duty to turn such taxes over to "the proper county authorities." This criticism is predicated upon the contention that there was no proof to show that Powell failed to turn over any taxes to the county treasurer in that the county treasurer's books were not introduced in evidence. The uncontroverted proof showed that in his accounting to the commissioners' court Powell received credit for taxes collected by him, and with which he should have been charged, on property which he reported as delinquent, and in the absence of any explanation or proof to show that the county thereafter received the same, we think that the error, if any, in the court's charge was at all events harmless.

March 7, 1912, was taken as the date when plaintiff's cause of action was barred by the statute of limitation pleaded in the absence of proof of facts which would avoid that conclusion. Upon the issue of limitation the jury were instructed:

That, if they returned an affirmative answer to the first question mentioned above, then they would determine "whether or not the fact that said J. D. Powell had collected moneys which he had not delivered to the proper county authorities was known to the officers of the county commissioners' court of Archer county at any time prior to March 7, 1912, or whether said officials should, by the exercise of due diligence, have discovered that he had not."

A bill of exception was reserved to the charge last quoted upon the ground that it was involved and obscure, and did not separate the two kinds of notice, and therefore was calculated to confuse the jury; in other words, that the two kinds of notice, actual and implied, should have been submitted to the jury in separate issues.

[2] The statement and remarks following this assignment show that it is limited to a complaint that the court did not give to the jury a definition of negligence, and a sufficient answer to that complaint is that it was not embodied in the bill of exception taken to the court's instruction.

[3] The court refused an instruction requested by the defendants, which, after defining negligence, embodied two separate issues, the first whether or not the county commissioners were guilty of negligence in failing to discover J. D. Powell's fraud before March 7, 1913, and the second whether or not the county commissioners were negligent in failing prior to March 7, 1912, to discover that Powell had collected county taxes which he withheld from the county treasurer. The principal complaint presented in the appellants' brief to the refusal of this instruction is that it contained a proper definition of the term "negligence," while the instruction given by the court did not contain such a definition, and did not give the jury any guide to determine what would amount to a failure on the part of the county commissioners to use due diligence to discover Powell's fraud. We are of the opinion that the requested instruction improperly carved two issues out of one, since there is no question but that, if Powell appropriated to his own use the taxes collected by him, such appropriation was a fraud, and the requested instruction probably would have tended to confuse the jury. Furthermore, the court having properly used the term "due diligence" in the instruction given, which is a term easily understood by the layman, and the defendants having failed to object to that instruction because it did not contain a definition of that term, they are committed to an approval of the use of the term in that charge, and if they desired a definition of what was meant by that term, they should have presented a request for an instruction to that effect. See Gulf, T. & W. Ry. Co. v. Dickey, 187 S. W. 187, by our Supreme Court; Texas Midland R. Co. v. Ritchey, 49 Tex. Civ. 409, 108 S. W. 734.

Article 7619 or our Revised Civil Statutes makes it the duty of a collector of taxes to make monthly reports to the commissioners' court of taxes collected by him due the county, and to immediately pay over the money so collected to the county treasurer and take receipts therefor and file with the county clerk. That article also makes it the duty of the county clerk to examine the tax collector's report and the tax receipt stubs filed therewith, and certify their correctness to the commissioners' court. By other sections of the same article it is made the duty of the tax collector to appear before the commissioners' court and make a summary statement showing the disposition of all moneys collected by him for the state, and also for the county. Section 5 of the article reads, in part, as follows:

"The commissioners' court shall examine such statements and vouchers, together with the item-

ized report and tax receipt stubs filed each month, and shall compare the same with the tax rolls and tax receipt stubs. If found correct in every particular, and if the collector of taxes has properly accounted for all taxes collected, as provided above, the commissioners' court shall enter an order approving said report. * * *"

By article 7620 of the statute it is provided that, if the tax collector shall fail to promptly pay over to the county treasurer the taxes collected by him belonging to the county, the commissioners' court shall ascertain the amounts due by him to the county and enter an order requiring him to pay the same to the treasurer. By article 7692 of the statute it is provided that any real estate delinquent for taxes shall be advertised as such, and that after such advertisement the commissioners' court shall order suits to be instituted to collect the same.

The defendants requested an instruction submitting those articles of the statute to the jury. The objection urged upon the trial by counsel for the defendants to the refusal of the requested instruction was that, in order for the jury to properly understand whether or not the county commissioners were guilty of negligence in failing to discover Powell's fraud prior to March 7, 1912, it was necessary for the jury to know the duties of the county commissioners as prescribed in the statutes quoted in the requested instruction. The statement following this assignment contains nothing but conclusions of fact drawn by counsel from the evidence, and fails to quote such evidence, or to refer to the statement of facts wherein it could be found, and counsel for appellee objects to a consideration of the assignment for that reason, and for the further reason, as claimed, that the conclusions so drawn by appellant's counsel are incorrect when tested by the evidence.

[4, 5] We are of the opinion that the objection to a consideration of the assignment should be sustained. But, aside from that conclusion, we do not concur in the contention of appellants that any failure on the part of the county commissioners to perform any of those statutory duties prior to March 7, 1912, would be such negligence on the part of the county commissioners as would bar a recovery under the plea of limitation. We are of the opinion that defendants could invoke the negligence of the county commissioners in failing to discover Powell's fraud only after they had knowledge of such facts, or notice of other facts which would have excited inquiry in the mind of a person of ordinary prudence that, if pursued with reasonable diligence, would have led to a knowledge of such defalcation, and that appellants are in no position to invoke in behalf of their plea of limitation the negligence of the county commissioners in a failure to perform their statutory duties in the absence of some facts amounting to notice of such defalcation. In other words, negligence of the county commissioners in failing to perform their statutory duties would not necessarily constitute notice of Powell's defalcations, and for that reason the requested instruction, if given in the form presented without the qualifications suggested, would have been misleading and erroneous.

[6] Several assignments are presented to the admission of testimony over the objections urged by the defendants, including the testimony of J. C. Kirby, an employé in the state comptroller's office at Austin, the delinquent tax reports identified by Kirby which were filed by Powell in that office, and tax receipts issued by Powell to several property owners who paid taxes. It appears that the copy of the reports made by Powell from time to time and filed in the commissioners' court showing the taxes collected by him had been burned by order of that court dated July 15, 1909. Under those circumstances the plaintiff was entitled to introduce secondary evidence of the contents of those copies.

[7, 8] The reports filed with the commissioners' court which were destroyed were required by article 7619, Vernon's Sayles' Texas Civil Statutes. That statute expressly states that the reports so required shall be of like character to those required to be filed with the comptroller under and by the virtue of article 7618; the only difference being the latter shall show the amount of taxes collected for the state, and the former the amount of taxes collected by the county. By article 7621 it is made the duty of the tax collector to also file a list of delinquent taxpayers. In his accounting with the state and county he is charged with all taxes that have been assessed, and is given credit for the amount of taxes, collected and paid over to the proper authorities, plus the amount of delinquent taxes. Copies of delinquent lists signed by Powell were found and introduced in evidence. Under the circumstances the records objected to and now under discussion were admissible. We are of the opinion further that the tax receipts referred to were admissible, since they show the collection of more taxes than were reported by Powell upon property covered by the receipts and appearing on the delinquent lists.

[9] The error, if any, in admitting the draft drawn by the tax collector on one of the property owners for taxes due by him was harmless in view of the fact that the receipt for the same taxes was introduced in evidence and showed beyond controversy the receipt by Powell of the taxes for which the draft was drawn.

[10-13] The proffered testimony of the witness Walker to show that Powell was solvent and able to pay his debts during his incumbency in office was immaterial, and there was no error in excluding it. Nor was there any error in excluding the entire tax

rolls from 1903 to 1910, inclusive, since the same involved much matter wholly foreign to any issue in the case. We think it was improper to allow the witness Morrison to testify that he kept a list of items of shortage in Powell's accounts testified to by the expert accountant, Miles, who had audited the books, and that those items aggregated $4,892.36, but that error we hold to be harmless in view of the fact that Morrison did not give the items which he noted down while Miles was testifying, but only testified to the aggregate of them, which was more than $1,-200 in excess of the amount found by the jury against the defendants; it thus appearing that the jury gave no effect to Morrison's testimony. The conclusion testified to by the witness Miles, who audited the accounts, as to the plaintiff's proportionate parts of certain taxes that had been collected, and not reported, did not constitute reversible error since they were mere matters of calculation from figures given at the time by the witness.

We are of the opinion, further, that the evidence was ample to support the findings of the jury of defalcations by Powell and the amounts thereof, especially in view of the fact that Powell was not offered as a witness at all, and defendants offered no evidence to contradict that introduced by plaintiff. It follows from the last conclusion that there was no error in refusing defendants' request for an instructed verdict in their favor.

For the reasons indicated, the judgment is affirmed.