## MEGARITY et al. v. NAVARRO COUNTY. (No. 382.)

Court of Civil Appeals of Texas. Waco. June 9, 1927.

Rehearing Denied Sept. 8, 1927.

1. Limitation of actions ⊘➝39(1), 57(1)— Four-year statute governed suit against tax collector, and his final report started limitations running (Rev. St. 1925, arts. 3898, 3899, 7261, 7262).

Four-year statute of limitations applies to county's suit against tax collector to recover excess fees, commissions, and other funds, and such suit brought within four years after collector filed final report as required by Rev. St. 1925, arts. 3898, 3899, 7261, 7262, was not barred.

2. Taxation ⊘➝570(6)—Refusal to credit tax collector with amount paid which he had reported as due county from him held proper.

In county's action against tax collector and bondsmen to recover excess fees, commissions, and other funds, where collector's final annual report showed that he was indebted to county and he thereafter paid such amount to county, refusal to allow him such amount as credit was proper.

3. Appeal and error ⊘➝705—On record showing that certain amount of auto tax was not included in judgment for county against tax collector, collector's assignment of error thereon held ineffectual.

In county's action against tax collector, where record showed that auto tax item was not embraced in judgment for county, collector's assignment of error based thereon is ineffectual.

4. Appeal and error ⊘➝1010(1)—Trial court's finding as to amount owed county by tax collector, supported by evidence, held binding on appeal.

In county's action against tax collector for excess fees, commissions, and other funds, trial court's finding as to amount due county, supported by evidence, held binding on appeal.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by Navarro County against Jess Megarity and others. Judgment for plaintiff, to which both parties except, and from which defendants appeal. Affirmed.

J. S. Simkins, of Corsicana, for appellants.
B. W. George and Callicutt & Upchurch, all of Corsicana, for appellee.

BARCUS, J. This suit was instituted by appellee against appellant Jess Megarity and his bondsmen to recover excess fees and commissions and other funds collected by Megarity as tax collector. The record shows that Megarity was the tax collector of Navarro county from December, 1918, to December, 1920. This suit was filed in July, 1924. Appellant Megarity filed plea of limitation, and all sums claimed prior to the year beginning with December, 1919, and ending with December, 1920, were by the trial court held barred by limitation, about which holding there is no complaint. The cause was tried to the court and resulted in a judgment being rendered in favor of appellee against appellant for $1,-254.12. Both appellants and appellee excepted to the judgment of the trial court, appellants claiming the same was too much and appellee that it was too little.

[1] Appellants contend that appellee's entire cause of action was barred by the two and four year statutes of limitation. We overrule this contention. The record shows that Megarity as tax collector filed his final report on December 20, 1920, and this suit was instituted in July, 1924, less than four years thereafter. We think clearly the four-year statute of limitation applies and same did not begin to run until the tax collector filed his final report on December 20, 1920, as required by Articles 7261, 7262, 3898, and 3899 of the Revised Statutes.

[2] Appellants contend that the trial court was in error in failing to give Megarity credit for $791.28 which he paid on July 9, 1921. We do not think there was any error in the court's action. It appears from the record that Megarity as tax collector, in his final annual report for the year ending December 1, 1919, filed June 25, 1920, reported that he was indebted to the county for $791.28, and thereafter in July, 1921, he paid to the county this identical amount. We think the trial court was justified in holding that the money so paid was intended to be and was in payment of said item. Appellant in his testimony did not claim that he had paid same for any other purpose.

[3] Appellants contend that the judgment of the trial court was for a larger amount than the evidence justified, and that the trial court was in error in holding that Megarity was indebted to the county for $146.91 auto tax collected. We overrule these assignments. It appears from the record that the auto tax item was not embraced in the trial court's judgment, and the testimony is abundantly sufficient to sustain the court's findings on the items which were embraced within his judgment—namely, the $1,152.40 for excess fees, $85.97 for taxes collected for levy district No. 1, and $15.75 jury fees.

[4] Appellee by cross-assignments of error contends that the judgment of the trial court

was for an insufficient amount, and asks this court to increase same and render judgment for appellee for $2,150.53. We have carefully examined appellee's cross-assignments of error and do not think same present any error. The auditor who was employed by appellee and who made a complete audit of the entire records testified fully with reference thereto, and the trial court had the auditor's report before him. While there is testimony by the auditor which, taken in its most favorable view, would have authorized the trial court to have rendered a judgment for additional amounts, it was within its province to determine the issues of fact.

We have examined all of appellants' assignments of error as well as appellee's cross-assignments, and same are overruled. The judgment of the trial court is affirmed.