## STATE v. CARNES et al.
### No. 10054.

Court of Civil Appeals of Texas. San Antonio.

May 26, 1937.

Rehearing Denied June 16, 1937.

D. Richard Voges, of Floresville, for the State.

Wiseman & Murray, of Floresville, and Swearingen & Miller and Johnson & Rogers, all of San Antonio, for appellees.

THEO F. WEISS, Special Associate Justice.

This suit was brought in the name of the State of Texas for the benefit of Wilson County against A. B. Carnes, who, from 1931 through 1934, served as sheriff of that county, and against the surety on his official bond, to recover certain sums paid him and certain fees retained by him as deductions. In a trial without a jury, plaintiff was denied recovery for all amounts except $32.48 which had been tendered by defendants. Plaintiff appealed. The parties will be referred to as they were designated in the trial court.

Plaintiff complains of the trial court's denial of recovery of $1,275 paid by Carnes out of fees, to his deputies, and claimed by him as deductions in his annual reports, plaintiff's contention being based upon the absence of strict compliance with article 3902, Revised Civil Statutes, as amended. Of this amount $200 was paid G. C. Trevino, who actually served as deputy sheriff during 1931. While the deputation records do not show his appointment and the minutes of the commissioners' court do not reveal any order fixing his compensation, this item was claimed as a deduction in Carnes' annual report for 1931, which report was duly approved by an order of the commissioners' court. The appointment of the other deputies who served in subsequent years is recorded in the deputation records; the evidence does not establish the absence of orders entered by the commissioners' court setting or allowing for their salaries. The trial court found that the deputies were legally and duly appointed and that these expenditures were legal and necessary. The salaries paid did not exceed the maximum prescribed by the statute.

■ Plaintiff's assignments of error in this connection are overruled. While the entry by the commissioners' court of an order authorizing the appointment of deputies and fixing their compensation upon proper application by the officer in accordance with article 3902 is a condition precedent to his claiming credit, as a matter of right, for salaries paid his deputies, this statutory provision was not intended as a limitation on the power of the commissioners' court, and any affirmative action of the court authorizing or approving the expenditure before or after it was incurred would bind the county and authorize the deduction. The commissioners' court may ratify that which it might have authorized originally. Cameron County v. Fox (Tex.Com.App.) 61 S.W.(2d) 483.

■ We also overrule plaintiff's contention that it is entitled to recover the sums paid Carnes for feeding and guarding prisoners, under article 1040, Code Cr.Proc., because the sheriff did not present to the commissioners' court itemized verified accounts of his expenditures for feeding and maintaining the prisoners accompanied by supporting receipts and vouchers. The bills for feeding and guarding prisoners were regularly presented to the commissioners' court, placed on the claim docket and paid by warrants after orders directing their payment had been entered in the minutes of the commissioners' court, the sheriff being paid an amount per prisoner which did not exceed the statutory limit. In deciding upon the amount to allow, the commissioners' court determined the probable cost to the sheriff and limited the allowance accordingly. The trial court found that the sheriff made no profit on these transactions, the cost to him of supporting and maintaining the prisoners amounting to more than the amounts allowed him by the commissioners' court.

The statutes were substantially complied with. The requirements relating to the form in which the sheriff's expenditures for this purpose are to be presented to the commissioners' court were not intended as limitations on the power of that body.

■ During the greater part of the four-year tenure involved in this suit, Carnes was allowed and paid $75 per month for a jail guard. This represented the salary which was paid to D. J. Acosta, who acted as guard at the Wilson County jail and also performed many of the duties of chief deputy sheriff. The commissioners' court determined the necessity for, and approved the employment of, a jail guard; however, the only entries appearing in the minutes were general orders allowing the sheriff $75, payable on the first of each month, out of the jail fund.

Plaintiff contends that, since Wilson County had a population of less than 25,000, the commissioners' court had no authority to make an allowance for a prison guard, under article 1041, Code Cr.Proc., which reads as follows:

"Art. 1041. (1143) *Guards and Matrons*

"The sheriff shall be allowed for each guard or matron necessarily employed in the safe-keeping of prisoners two dollars and fifty cents for each day. No allowance shall be made for the board of such guard or matron, nor shall any allowance be made for jailer or turnkey, except in counties of forty thousand population or more. In such counties of forty thousand or more the commissioners court may allow each jail guard, matron, jailer and turnkey four dollars and fifty cents per day."

This contention cannot be sustained, because the statute obviously makes a distinction between a "guard or matron" and a "jailer or turnkey." An allowance for a guard may be made in counties having a population of less than 40,000. Cooper v. Johnson County (Tex.Civ.App.) 212 S.W. 528 (writ of error refused).

■ Defendants pleaded the statute of limitation as a bar to the recovery of all items which became due more than four years before March 4, 1936, the date on which this suit was filed (Vernon's Ann. Civ.St. art. 5529). Carnes filed his annual report for the year 1931 on February 26, 1932. This report was approved by the commissioners' court at its first meeting after the filing of the report, which was held on March 14, 1932. The trial court correctly sustained defendants' plea of limitation as to the items affected, which included all claims and allowances made and fees retained in 1931. Plaintiff's position that the statute did not begin to run until the first meeting of the commissioners' court after the filing of the sheriff's annual account is untenable. Bitter v. Bexar County (Tex.Com.App.) 11 S.W.(2d) 163; Eastland County v. Hazel (Tex.CivApp.) 288 S.W. 518 (writ of error refused); Megarity v. Navarro County (Tex.Civ.App.) 297 S.W. 864 (writ of error refused).

Among the items retained as deductible expenditures by Carnes in his annual report for 1934, which was filed with the district clerk but never filed with or approved by the commissioners' court, were the following: "cook for jail, $240.00," and "cash paid on car, $330.00." With reference to the $330 item, it appears that in 1934 Carnes requested the commissioners' court to purchase an automobile for the use of the sheriff in the performance of his official duties. The commissioners' court advised him that the county was too poor to purchase the automobile. He then told them that he was going to buy a new automobile himself, trade in the automobile he then owned, and pay the difference out of his own pocket. This he did, and claimed the difference as a credit in his annual account.

Under article 3899, Revised Civil Statutes as amended, Acts 1933, 43d Leg., p. 734, c. 220, § 4, which was in force during 1934, the expenses, other than those expenditures in connection with automobiles, which an officer is authorized to claim as deductions under this provision, are limited to stationery, stamps, telephone, traveling expense, and other similar necessary expenses, the rule of ejusdem generis being applied to qualify the general language by the specifically enumerated items and to restrict its meaning to expenses of the same kind or class. Cameron County v. Fox (Tex.Civ.App.) 42 S.W. (2d) 653; Casey v. State (Tex.Civ.App.) 289 S.W. 428 (writ of error refused).

Thus, the claim asserted by Carnes of "$240.00, cook for jail," could not be allowed. As has already been pointed out, the sheriff was paid for feeding and guarding prisoners in the county jail, under article 1040, Code Cr.Proc. The expense of employing a cook to prepare this food was pertinent only in determining whether the sheriff had made a profit for which he would have been obligated to account to the county. The trial court erred in holding that Carnes could claim this item as a deductible expense.

Error was committed also in allowing the $330 representing the difference between the trade-in value of the old automobile belonging to Carnes and the purchase price of the new automobile which he bought. Clearly, there was no authority in the statute for the payment by the county of part of the purchase price of an automobile which was to belong to Carnes and not to the county. Furthermore, the evidence establishes that the commissioners' court not only failed to approve this expenditure but expressly refused to do so.

The trial court's conclusion that these items could not be recovered because the commissioners' court had knowledge of these expenses and acquiesced in them was erroneous. The acquiescence of the commissioners' court could not create a valid claim to an allowance not permitted by law. Furthermore, acquiescence will preclude a right or create an obligation only when there is a duty to act. No duty rested upon the governing body of the county to advise the sheriff of the existence of statutory provisions or of the necessity for complying with the statutory law. The establishment of such a precedent would not be conducive to a compliance with the legislative mandates or to the orderly administration of the county government.

The error referred to, however, does not affect the correctness of the district court's judgment. Plaintiff's right to recover was dependent upon proof of the retention of excess compensation by the sheriff. The extravagance of his claims to deductions could give rise to no liability where the fees which he actually earned and collected amounted to less than his legitimate allowances. The total deductions claimed by Carnes amounted to considerably more than the fees earned and collected, so that, even after disallowing the claims which cannot be sustained, the authorized deductions to which he was entitled, including his maximum fee allowance, still exceeded the fees earned and collected by him during the year.

The judgment of the trial court is affirmed.