**FRANKLIN COUNTY v. TITTLE, Sheriff, etc., et al.**

**No. 6173.**

Court of Civil Appeals of Texas. Texarkana.

July 24, 1945.

Rehearing Denied Oct. 4, 1945.

R. T. Wilkinson and F. B. Caudle, both of Mt. Vernon, for appellant.

Hiram G. Brown, of Mt. Peasant, for appellees.

HARVEY, Justice.

Action by Franklin County against Ennis Tittle, Sheriff and Tax Assessor-Collector of Franklin County, Texas, and his bondsmen to recover certain sums of money alleged to be excess fees of office unlawfully retained by him during the years 1936, 1937, and 1938, over and above the amount permitted by law as his salary. The defendants by special exceptions pleaded the two and four years' statutes of limitation, which exceptions were sustained, the court holding that the cause of action appeared on its face to be barred by the four years' statute of limitation. Articles 5526, 5527, R.C.S.T. The plaintiff did not amend and the case was dismissed, from which action of the court this appeal is prosecuted.

The sole question presented on this appeal is whether or not limitation began to run as a matter of law in favor of the defendant Tittle, from the time that his annual reports were due to have been filed, but which were not made by him. The statute provides that the tax collector shall make monthly reports of state taxes collected to the State Comptroller, and like reports to the county commissioners' court, showing the disposition of all taxes collected; an extension of twenty-five days in which to file the reports is provided for the months of December and January of each year. A final adjustment and settlement of his accounts with the state and with the county is required on or before the first day of May of each year. Articles 7260, 7261, R.C.S.T., Vernon's Ann.Civ.St. arts. 7260, 7261. Also, annually each officer shall make a report of all fees, commissions and compensations earned by him during the year, to be filed with the district court of the county not later than February 1 of each year, and within thirty days thereafter the district clerk shall file a copy of such report with the county commissioners.

There are several principles of law that have been well established by the authorities in cases of this kind. One is that the four years' statute of limitation is applicable, Megarity v. Navarro County, Tex.Civ.App., 297 S.W. 864; another, that a suit to recover excess fees retained by an officer is not maintainable until the end of the fiscal year or until the report required by statute showing the amount of fees received and expended has been made. Eastland County v. Hazel, Tex.Civ.App., 288 S.W. 518.

In Texas, under the general limitation statutes, limitation begins to run from the time of the accrual of the cause of action. However, generally speaking, the statute is tolled when by reason of fraud or concealment the defalcation or dereliction is kept hidden, until such time as knowledge is had of the defalcation, or in

the exercise of reasonable diligence it might have become discovered. Ward v. Marion County, 26 Tex.Civ.App. 361, 63 S.W. 155; 37 C.J. 929, Sec. 299; 17 R.C.L. 852, Sec. 213. Where a relationship of trust and confidence exists between the parties, the rule is that limitation starts to run only from the time of actual discovery of the fraud. Moore v. Waco Building & Loan Ass'n, 19 Tex.Civ.App. 68, 45 S.W. 974; 43 Am.Jur. 209, Sec. 445; 22 R.C.L. 510, Sec. 196.

In the case under consideration, if the report had been made at the time required by statute and had shown on its face a defalcation, then unquestionably limitation would have been set in motion at the date of the filing of the report; on the other hand, if the report had been duly filed, but certain items had been concealed or withheld from such report, the great weight of authority is that limitation would start to run only from the time that the concealment was discovered, or in the exercise of reasonable diligence might have been discovered. Powell v. Archer County, Tex.Civ.App., 198 S.W. 1037, 1039. We quote from the last cited case:

"We are of the opinion that defendants could invoke the negligence of the county commissioners in failing to discover Powell's fraud only after they had knowledge of such facts, or notice of other facts which would have excited inquiry in the mind of a person of ordinary prudence that, if pursued with reasonable diligence, would have led to a knowledge of such defalcation, and that appellants are in no position to invoke in behalf of their plea of limitation the negligence of the county commissioners in a failure to perform their statutory duties in the absence of some facts amounting to notice of such defalcation."

We can see no distinction, in principle, in a case where the report is made and the defalcation of the officer fraudulently is omitted therefrom, and in a case, as the instant one, where no report is filed at all and the information is kept within the possession of the officer and withheld from the ones entitled to receive it. The commissioners' court had a right to rely on the honesty and good faith of a public official who was charged with the duty of properly accounting for sums of money that came into his hands as such official, the legal presumption being that he fulfilled all the duties incumbent upon him. The fact that there is a delay in making a report, or that no report at all is made, under some circumstances might arouse a suspicion that would merit an investigation. However, there is no case in any jurisdiction, of which we are aware, aside from one or two states which have special statutes governing the question, which holds that as a matter of law limitation begins to run in favor of an official from the time his final report is due, regardless of other facts. For us to so hold would be by judicial fiat an invasion of the legislative field. The plaintiff below (appellant) alleged in its first amended original petition that the defendant Tittle refused to file his annual reports; that he has illegally withheld certain excess fees for which he is indebted to Franklin County; that the information is in his possession in the form of many records, which he withheld from the commissioners' court; and that they had no notice of the defalcation and they did not know and could not know the amount due the county, and could not by the exercise of ordinary care and diligence have discovered the shortage until an audit was made.

We are of the opinion that under the pleading an issue of fact was presented for the jury or the court to determine, after the evidence was introduced, as to when limitation was set in motion, which would be from the time the commissioners' court had actual knowledge, or in the exercise of reasonable diligence might have acquired knowledge, of the defalcations in question. Conceivably, there might be a number of circumstances that would exonerate the commissioners' court of negligence in not taking action sooner than they did. The difficulty of securing an auditor, the withholding of data essential in checking the records, as well as other facts, all would bear upon the issue of diligence in ascertaining the shortages.

The action of the trial court in sustaining the exception to plaintiff's petition on the ground that it appeared to be barred under the four years' statute of limitation is reversed and the cause remanded for a trial on the merits.