

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Farris Pirtle
County Auditor, Fannin County
Bonham, Texas

Dear Sir:

Opinion No. 0-7116
Re: Is Fannin County authorized
to pay claim for expenses
incurred by county attorney
in engaging court reporter
to transcribe testimony
given in a felony trial for
use in another criminal
trial?

We have received your recent request for an opinion on a question which we have restated above in substance.

Article 322b, V. A. C. S., provides as follows:

"The office of District Attorney in the Sixth Judicial District of Texas is hereby abolished and the County Attorney of each county composing said district, to wit: Fannin and Lamar Counties, shall represent the State of Texas in all matters wherein the State of Texas is a party in his respective county and shall receive such fees and compensation for his services as is now, and may hereafter, be provided by General Laws of the State of Texas; and provided further that each said County Attorney may employ a stenographer by and with the consent of the Commissioners Court of his county, to be paid such salary from county funds as shall be fixed by order of the Court."

Fannin County has a population of 41,064 inhabitants, according to the 1940 Federal Census and the County Attorney thereof is compensated on a salary basis under authority of Art. 3912e, V.A.C.S.

Section (b) of Article 3899, V.A.C.S., provides in part as follows:

"(b) Each officer named in this Act, where he receives a salary as compensation for his services, shall be entitled and permitted to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on official's bonds, premiums on fire, burglary, theft, robbery insurance protecting public funds, and including the cost of surety bonds for his deputies, provided that expenses incurred for premiums on officials' bonds for the county treasurer, county auditor, county road commissioners, county school superintendent, and the hide and animal inspector, including the cost of surety bonds for any deputies of any such officers, may be also included, and such expenses to be passed on, pre-determined and allowed in the time and amount, as nearly as possible, by the Commissioners Court once each month for the ensuing month, upon the application of each officer, stating the kind, probable amount of expenditure and the necessity for the exp nses of his office for such enxuing month, which application shall, before presentation to said court, first be endorsed by the county auditor, if any, otherwise the county treasurer, only as to whether funds are available for payment of such expenses. The Commissioners Court of the county of the sheriff's residence may, upon the written and sworn application of the sheriff stating the necessity therefor, purchase equipment for a Bureau of Criminal Identification, such as cameras, fingerprint cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas and other equipment, in keeping with the system in use with the Department of Public Safety of this State, or the United States Department of Justice and/or Bureau of Criminal Identification.

"Such purchases shall be made by each officer, when allowed, only by requisition in manner provided by the county auditor, if any, otherwise by the Commissioners Court. Each officer, shall at the close of each month of his tenure of office, make an itemized and sworn report of all approved exp nses incurred by him and charged

to his county, accompanying such report with invoices covering such purchases and requisitions issued by him in support of such report. If such expenses be incurred by connection with any particular case, such report shall name such case. Such report, invoices, and requisitions shall be subject to the audit of the county aiditor, if any, otherwise by the Commissioners Court, and if it appears that any item was not incurred by such officer, or that such item was not a necessary or legal expense of such office, or purchased upon proper requisition, such item shall be by said county auditor or court rejected, in which case the payment of such item may be adjudicated in any court of competent jurisdiction. All such approved claims and accounts shall be paid from the Officers Salary Fund unless otherwise provided herein."

We quote from a conference opinion of this department (No. O-3670) written by Wm. J. Fanning, Assistant Attorney General and approved July 3, 1941, by Grover Sellers, then First Assistant Attorney General as follows:

"We have considered the cases of State vs. Carnes, 106 S.W. (2d) 397, and Casey vs. State, 289 S.W. 428, which construe Section (a) of Article 3899, Vernon's Annotated Civil Statutes, and hold that the rule of construction 'ejusdem generis' qualifies the general language (other necessary expenses) by the antecedent ans specially enumerated items of expenses (stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses) and restricts and limits the meaning of the general language (other necessary expenses) to expenses of the same kind and class of the above specially enumerated items of expense. We have also considered the case of Crosthwait vs. State, 138 S.W. (2d) 1060, which construes Section 19 (1) of Article 3912e, Vernon's Annotated Civil Statutes, and holds that the rule of construction 'ejusdem generis' is applicable to said section. (Said section is in all material respects hereto virtually the same as section (a) of Article 3899.)

"The rule of Construction 'ejusdem generis' has been defined by 19 Corpus Juris, page 1255, as follows:

"'Literally "Of the same kind or species." A well known maxim of construction, to aid in ascertaining the meaning of a statute or other written instrument, the doctrine being that, where an enumeration of specific things is fol-lowed by some more general word or phrase, such general word or phrase is to be held to refer to things of the same kind.'

"It is our opinion that the rule of con-struction 'ejusdem genersi' is not applicable to Section (b) of Article 3899, Vernon's Annotated Civil Statutes, because the general words 'all reasonable expenses necessary in the proper and legal conduct of his office' do not follow the specific words 'premiums on officials' bonds, etc.,' but on the contrary antecede said spe-cific words. Clearly the rules of construction 'ejusdem generis' would not apply to Section (b) of Article 3899, Vernon's Annotated Civil Statutes." (Underscoring added)

Other opinions of this department holding various items of expense, though not of the same kind or species as those specifically enumerated in said Sec. (b) of Art. 3899, supra, to be allowed as reasonable expenses necessary in the proper and legal conduct of office, are as follows: Nos. 0-995, 0-3076, 0-3571, 0-4284, 0-4380 and 0-4399.

It is known as a matter of common experience that it is frequently necessary in the proper conduct of his of-fice for a county attorney to use transcribed testimony of a witness taken in a former trial for the purpose of aiding him in his examination of such witness on another criminal trial.

The County would not be authorized to pay the court reporter upon a bill presented directly by him for said services rendered but would be authorized to pay same under the provisions of Section (b) of Art. 3899.

Therefore it is the opinion of this department that a reasonable charge for the transcription of the testimony of a witness in a former trial for use in a criminal trial may be an allowable expense of office of the county attorney ordering and using same, and, if properly presented and found to be necessary in the proper and legal conduct of the office, same may be paid out of the officer's salary fund of Fannin County under the procedure prescribed for presentation of claims in said Sec. (b) of Art. 3899, supra.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By         /signed/
  Robert L. Lattimore, Jr.
        Assistant

By         /signed/
  Louis W. Woosley
        Assistant

RLL:zd

APPROVED MAR 29, 1946
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By /s/ B.W.B.
    Chairman