THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS



PRICE DANIEL
ATTORNEY GENERAL

February 8, 1951

Hon. H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Opinion No. V-1149
Re: Authority of the sher-
iff to order photo-
graphs to be taken in
connection with an in-
vestigation of a crime
without first securing
approval by the commi-
ssioners' court or the
county auditor.

Dear Mr. Hodges:

You have requested our opinion whether the sheriff
of Williamson County can charge to the county the expense of
securing photographs in connection with a criminal investi-
gation conducted by him without first securing permission
from the commissioners' court or the county auditor.

Subsection (b) of Article 3899, V.C.S., provides:

"Each officer named in this Act, where he receives
a salary as compensation for his services, shall
be entitled and permitted to purchase or charge to
his county all reasonable expenses necessary in the
proper and legal conduct of his office, . . . and
such expenses to be passed on, predetermined and
allowed in the time and amount, as nearly as poss-
ible, by the Commissioners Court once each month
for the ensuing month, upon the application by
each officer, stating the kind, probable amount
of expenditure and the necessity for the expenses
of his office for such ensuing month, which app-
lication shall, before presentation to said court,
first be endorsed by the county auditor, if any,
otherwise the county treasurer, only as to whether
funds are available for payment of such expenses. . .

"Such pruchases shall be made by each officer, when
allowed, only by requisition in manner provided by
the county auditor if any, otherwise by the Commiss-
ioners Court. Each officer, shall, at the close of
each month of his tenure of office, make an itemized
and sworn report of all approved expenses incurred
by him and charged to his county accompanying such
report with invoices covering such purchases and
requisitions issued by him in support of such report.
If such expenses be incurred in connection with any
particular case, such report shall name such case.
Such report, invoices, and requisitions shall

> be subject to the audit of the
> county auditor, if any, otherwise by the Commiss-
> ioners Court, and if it appears that any item was
> not incurred by such officer, or that such item
> was not a necessary or legal expense of such office,
> or purchased upon proper requisition, such item
> shall be by said county auditor or court rejected,
> in which case the payment of such item may be ad-
> judicated in any court of competent jurisdisdiction.
> All such approved claims and accounts shall be
> paid from the Officers Salary Fund unless otherwise
> provided herein."

We think the phrase "all reasonable expenses necessary in the pro-
per and legal conduct of his office" is sufficiently broad in
scope to cover the expense of securing photographs necessary in
the conduct of a criminal investigation as in the instant case.

As to the necessity of securing the prior endorsement of the
county auditor or county treasurer, as the case may be, and the
prior approval of the commissioners' court before incurring such
an expense, you are referred to State v. Carnes, 106 S.W.2d 399
(Tex. Civ.App. 1937), in which the court states:

> "While the entry by the commissioners' court of
> an order authorizing the appointment of deputies
> and fixing their compensation upon proper appli-
> cation by the officer in accordance with article
> 3902 is a condition precedent to his claiming
> credit, as a matter of right, for salaries paid
> his deputies, this statutory provision was not
> intended as a limitation on the power of the
> commissioners' court, and any affirmative action
> of the court authorizing or approving the expen-
> diture before or after it was incurred would bind
> the county and authorize the deduction. The Co-
> mmissioners' court may ratify that which it might
> have authorized originally. Cameron County v. Fox
> (Tex. Com. App.) 61 S.W.(2d) 483."

In view of the foregoing, it is the opinion of this office
that the expenditure in this instance may be paid out of
the Officers' Salary Fund of the county. Of course, such
expenditure must have either the prior approval or the sub-
sequent ratification of the commissioners' court, and is
subject to audit by the county auditor (or the commissioners'
court, if there is no auditor) as to whether it was an auth-
orized expense.

## SUMMARY

The expense of securing photographs as a
part of a criminal investigation conducted
by a sheriff may be charged to the county
as a part of the reasonable expense nece-
ssary in the proper and legal conduct of
his office, provided such expenditures have
prior approval or subsequent ratification
by the commissioners' court.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

BW:mw:aa

Yours very truly,

PRICE DANIEL
Attorney General

By: s/ Burnell Waldrep
Burnell Waldrep
Assistant