## W. E. REYNOLDS V. THE STATE.

No. 17890. Delivered March 18, 1936.

The opinion states the case.

*T. H. Yarbrough,* of Bowie, and *C. C. McDonald,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of converting and misapplying public funds, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

It is charged in the indictment that appellant was tax col-

lector of Montague County during the year 1934; that there came into his possession during the month of August of said year by virtue of his office the sum of $1,146.63; that he fraudulently misapplied and converted the same to his own use. The testimony shows that the money which he, appellant, collected during said month was deposited in the Farmers and Merchants National Bank of Nocona, the duly selected depository of said county, and said money was placed to the credit of W. E. Reynolds as tax collector, but was never trans-ferred to the various funds to which it belonged. Thereafter he drew drafts against said bank in favor of the state treas-urer, the state highway department, the Montague independent school district, Miss Ida Covey, his deputy, for her monthly salary for June and July, and also drew a customer's draft on said bank in the sum of fifty dollars payable to the order of the First National Bank of Bowie, Texas, which were paid by the depository and charged against said funds. At the end of said month there was only a balance of $377.88 left in the county depository of said public funds. At the conclusion of the testimony, appellant requested a special instruction to the jury to return a verdict of not guilty which the court de-clined to give and to which appellant then and there excepted.

Art. 2549, R. C. S., 1925, provides for the selection of a county depository by the commissioners' court. It also pro-vides that it shall be the duty of the tax collector of such county to deposit all taxes collected by him, or under his authority for the state and such county and its various dis-tricts and other municipal subdivisions, in such depository as soon as collected. These provisions of the statute were com-plied with not only by the commissioners' court but by appel-lant as collector of taxes. Said article of the statute also pro-vides that upon such funds being deposited as herein required, the tax collector and his sureties on his bond shall thereafter be relieved of responsibility for its safe-keeping. Art. 7250, R. C. S., 1925, reads: "Except as to compensation due such tax collector as shown by his approved reports, tax money deposited in the county depositories shall be paid by such de-positories only to treasurers entitled to receive the same, on checks drawn by such tax collector in favor of such treasurer." It occurs to us that it was the intention of the Legislature that when the tax collector deposits money collected by him in the depository, it passes from his possession and custody to the pos-session of the depository because he was not any longer respon-sible for its safe-keeping. Art. 95, P. C., provides: "If any

officer of any county, city or town [in this state], or any person employed by such officer, shall fraudulently take, misapply, or convert to his own use any money, property or other thing of value belonging to such county, city or town, that may have come into his custody or possession by virtue of his office or employment, or shall secrete the same with intent to take, misapply or convert it to his own use, or shall pay or deliver the same to any person knowing that he is not entitled to receive it, he shall be confined in the penitentiary not less than two nor more than ten years." In order for an officer to be guilty under this statute, the money which he is charged with having misapplied or converted must have come into his custody or possession by virtue of his office. By the words "come into his custody or possession" we think means that he was in actual possession thereof at the time of its conversion or misapplication. Of course, if he paid or delivered it to any person whom he knew not to be entitled to receive it, he would be guilty. In the instant case appellant was not in contemplation of law the possessor of the money he was charged with having converted and misapplied after same was deposited. Neither did he pay or deliver it to a person not entitled to receive it, but on the contrary he paid all of the money which came into his possession by virtue of his office during the month of August into the designated depository as directed by law. If the money was still legally under his control at the time he drew drafts or issued checks on said bank, the designated depository, and this constituted conversion or misapplication of funds belonging to Montague County, then it seems that the county could maintain a suit against him and his bondsmen for the recovery thereof. However, we are of the opinion that the county could not successfully maintain such a suit as he did not deprive the county of any money; the drawing of drafts or checks against the bank would not have taken a cent out of the depository if the law had been observed and followed by the depository. Hence the county's funds are still in the depository subject to the demand of the county and the depository is accountable to it for the same. See State v. Tyler County State Bank et al., 277 S. W. 625, and 282 S. W., 211, and cases there cited.

Having reached the conclusion that the court erred in declining to heed appellant's request for an instructed verdict, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.