GENE BOURLAND AND BROOKS DAVIS V. THE STATE.

No. 19045. Delivered December 15, 1937.
State's Rehearing Denied February 2, 1938.

The opinion states the case.

*Bruce Graham* and *Currie McCutcheon,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—We have been much disturbed over the renewed attack upon the indictment urged in the motion for rehearing.

An indictment must stand or fall upon the averment found in that document itself. The evidence may not be looked to in aid thereof. If so, many indictments good on their faces would be bad in the light of the evidence, and vice versa; many bad on their faces would be good where the evidence makes out a case if it had been properly plead.

Article 1410, P. C. (1925), defines theft as "the fraudulent taking of corporeal personal property," etc. Further making plain the kind of personal property which may be the subject of theft Article 1411 says: "It embraces every species of personal property *capable of being taken,*" leaving the very clear inference that some kinds of personal property are not capable of being taken and therefore not the subject of theft because incorporeal in their nature. Corporeal is "a term which is used to designate things which may be seen and touched, either movable or immovable; material." Corpus Juris, Vol. 14A, page 1424.

The indictment alleges that appellants took "27 shares of stock in the West Texas Utilities Company such stock being then and there the corporeal personal property" of J. T. Tyler.

We take it to be axiomatic that to charge the offense of theft the indictment must disclose that the property alleged to

have been stolen was the subject of theft, or to state it the other way, if the indictment on its face shows that the thing alleged to have been stolen was property *not* the subject of theft the indictment must fall.

The property here alleged to have been stolen was "27 shares of stock." Was it *corporeal* personal property and the subject of theft?

"Although shares of stock 'are intangible, and rest in abstract legal contemplation,' they nevertheless are property—a species of *incorporeal* property consisting of rights in the profits, management, and assets of the company, so that they may be the subject of a conversion and have the other incidents of property." 14 Corpus Juris, Section 509, page 387.

"It has been said that a certificate of stock, being merely the symbol or paper evidence of the ownership of shares of stock, is not in itself property and has no intrinsic value disconnected from the stock which it represents; but as it undoubtedly has a value in itself as a transferable symbol of property and evidence of the holder's right and title as a stockholder, like a negotiable instrument, it has often been held to be in itself property as representing the stock and so treated for many purposes. *The certificate of stock*, as distinguished from the *shares of stock* which it represents, is not only property, but is *tangible personal property*." 14 Corpus Juris, Sections 703-705, page 479.

"A certificate of stock is authentic evidence of the title to stock, but it is not the stock itself, nor is it necessary to the existence of the stock. A shareholder may, upon his demand, obtain a certificate of his shares, but unless demanded by him, it need not be issued." 7 R. C. L., Sec. 182, page 212.

In the same volume R. C. L., Sec. 166, page 197, the holding in an early case is said to have resulted "because of the fact that shares of stock are *intangible* personal property."

"Neither in fact nor in law is a certificate of stock the same thing as the shares of stock that it represents. *In kind of property it is different.* Both the certificate and the shares are personal property; but the shares are *intangible* or *incorporeal* property, whereas the *certificate* is *tangible* property." See Strange v. H. & T. C. R. R. Co., 53 Texas, 162; Harrison v. Vines, 46 Texas, 15.

"Shares of stock in a corporation are a species of personal property * * * They are the *intangible* interest of the individual shareholders in the corporate business." Automobile Mortgage Co. v. Ayub et al., 266 S. W., 134.

In the case of Yeaman v. Galveston City Co., 167 S. W., 710, the Supreme Court, speaking through Judge Phillips, propounds the question: "Who, then, were the stockholders in the Galveston City Company? * * * The answer is found in the distinction which the law clearly makes between the property right which a share in such company creates, and the evidence of it which is all that the certificate constitutes * * * In a corporation the certificate of stock is not the stock itself; it is but a muniment of title, an evidence of the ownership of the stock."

One of the latest expressions from our civil appellate courts on the subject is found in West Texas Utilities Company v. Ellis, reported in 102 S. W. (2d) 234, wherein the court says: "Neither in fact nor in law is a certificate of stock the same thing as the shares it represents."

It will be seen from what has been said that our own courts have continuously and consistently drawn the distinction between the shares of stock, which are incorporeal, intangible, personal property, which cannot be the subject of theft, and certificates evidencing the ownership of such shares, which certificate is corporeal personal property and the subject of theft. The certificate would fall within the definition of property in Article 1418, P. C. (1925), wherein is included "any writing containing evidence of an existing debt, contract, liability, promise or ownership of property, real or personal," etc.

We conclude that the indictment does not describe property which is the subject of theft, and that same should have been quashed upon appellant's motion.

In the brief appellants complain of the manner in which the case was submitted to the jury, as not being a proper application of the law under the facts proven. The exceptions to the charge are too general, we think, to have predicated reversal on said error, but in view of a possible re-indictment and trial we call attention to the error. The case was submitted as for theft generally, whereas, if we understand the record, the case is one in which the owner was induced to part with his property by means of a false pretext. If this were true, and appellants entertained a fraudulent intent to appropriate the property at the time it was surrendered to them by the owner, and it was in fact subsequently appropriated, the offense of theft would be complete. While the court's charge stated the proposition of law correctly in general terms no application was made thereof, and the necessity to find as to subsequent appropriation was not required of the jury. The case of Gose v. State, 126

Texas Crim. Rep., 71, 70 S. W. (2d) 421, is directly in point.

Having reached the conclusion that our original opinion was erroneous on the question of the indictment, said opinion is withdrawn and the present opinion substituted therefor.

The judgment is reversed and the prosecution ordered dismissed under the present indictment.

*Judgment reversed and prosecution ordered dismissed.*

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—This case has had a rather varied history. In an opinion by Judge Lattimore, delivered June 23, 1937, this cause was affirmed; thereafter, in an opinion by Judge Hawkins, a motion for rehearing herein by the appellants was granted and the judgment was reversed and the cause ordered dismissed, the main ground upon which such dismissal was ordered being on account of the fact that the indictment alleged that appellants took "twenty-seven shares of stock in the West Texas Utilities Company, being the corporeal personal property of J. T. Tyler." Judge Hawkins, in an exhaustive opinion, held that the "twenty-seven shares of stock" was not corporeal personal property, and after a research upon our part we are inclined to the same opinion. We see no reasonable ground for further discussion of this matter as it has been gone into fully in the opinion on rehearing.

The motion for rehearing is overruled.

*Overruled.*