## FANNIN COUNTY, TEXAS, et al. v. NEW YORK CASUALTY CO.

### No. 10287.

Circuit Court of Appeals, Fifth Circuit.

Nov. 30, 1942.

R. T. Lipscomb, of Bonham, Tex., for appellants.

Lloyd E. Price, of Fort Worth, Tex., for appellee.

Before SIBLEY and McCORD, Circuit Judges, and DAWKINS, District Judge.

SIBLEY, Circuit Judge.

New York Casualty Company became surety for Claud C. Hodge as Assessor and Collector of Taxes for Fannin County, Texas, for a term beginning January 1, 1939. Hodge died intestate July 6, 1939, having during June and July collected for the County and its School Districts $7,-608.84 which he had not paid over but had on deposit in his name as Assessor and Collector of Taxes in First National Bank of Bonham, the duly constituted County Depository. The County sued the surety in a State court, and the surety removed the case to the District Court. The surety pleaded the deposit of the money in the

depository, and that as surety it was thereby relieved; or if liable the Bank was liable over, and by third party process the Bank was made a party. The Bank answered that it had $7,608.84 to Hodge's credit in his individual checking account, that Hodge's children had transferred to the widow all their interest in the estate, and the Bank had requested her to authorize payment of the money, but she had refused, that there was no administration on the estate, and it sought interpleader, with an attorney's fee, averring "That this defendant here and now tenders and offers to pay into the registry of the court the sum of $7,608.84." The Bank had Mrs. Hodge made a party, and she answered disclaiming any interest in the money, and that the only deposit Hodge had in the Bank was as Assessor and Collector of Taxes, and that she had refused to sign a check for it because it was not hers and because the check tendered had a recital that its amount was the full balance, and she understood that there ought to be $1,500 more because of a check mispaid by the Bank. The Bank did not pay any money into court. The facts were mostly stipulated, and included the fact that all the money in the Bank was to the credit of the official account of Hodge.

It is mooted, when a tax collector dies in office, whether his personal representative or sole heir should pay over the money to his credit in the depository of public funds, or whether his surety should see to it, or whether his successor in office should, or whether the State and County or their Treasurers should obtain the money from the depository. No authority is presented to us. We find it unnecessary to decide the question. It is certainly true that the money in the depository belongs to the State or subdivisions for which it was collected and deposited. It has been held that it is no longer even in the possession of the Tax Collector. Reynolds v. State, 130 Tex.Cr.R. 78, 92 S.W.2d 458. By statute it must be paid only to the Treasurers entitled. Vernon's Civil Statutes, Articles 7249a, 7260, subd. 3, 7261, subd. 3. The County is admittedly entitled to the $7,608.84 which the Bank has and offers to pay into court. It no longer matters who ought to have seen that it was paid over. If anyone was to blame for not sooner paying, it is the Bank, for it has wrongfully contended that the money was to the credit of Hodge as an individual, and has up to this time not paid it into court. We have no concern with the $1,500 check paid by the Bank, for that happened before the bond sued on was given, and before the money here in controversy was collected and deposited. The district judge, trying the case on jury waiver, held the surety without fault and discharged it; discharged Mrs. Hodge as having no interest; denied the Bank an attorney's fee for bringing the money in on interpleader; gave no judgment against anyone for the $7,608.84; and divided the costs between Fannin County and the Bank. We think, with the money and all interested parties before the court, there should be a judgment in favor of the County against the Bank for the $7,608.84, with interest from the date the money was tendered but not paid into court, the Court having power to receive and dispose of it; with costs against the Bank; without prejudice to a further claim by the County against the surety should the Bank not pay. The judgment is reversed with direction to enter a judgment as above indicated.