**HOGAN et al. v. HIDALGO COUNTY.**

No. 12368.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 30, 1952.

Rehearing Denied March 5, 1952.

**710**

Hartley & Lattimore, Pharr, Eskridge & Groce, San Antonio, for appellants.

Smith & Hubbard, Edinburg, for appellee.

W. O. MURRAY, Chief Justice.

Appellee, Hidalgo County, agrees that appellant Dodge C. Hogan has made a statement as to the nature and result of the suit which is sufficient. We, therefore, adopt such statement, which reads as follows:

"This suit was instituted by Hidalgo County as Plaintiff, hereinafter called 'Appellee', in the 92nd Judicial District Court, Hidalgo County, Texas, against Dodge C. Hogan, former County Clerk of said County; Ballard F. McKee, present County Auditor of said County; Standard Accident Insurance Company, surety on the official bonds of said Dodge C. Hogan as said County Clerk and said Ballard F. McKee as said County Auditor; and Amador Rodriguez, former Deputy County Clerk, for the recovery of certain moneys belonging to Hidalgo County, Texas, and alleged to have been taken, misapplied and converted by the said Defendant, Dodge C. Hogan, during his terms of office as County Clerk of said County. At the beginning of the trial, the cause of action of the Plaintiff, Hidalgo County, against the Defendant, Ballard F. McKee, for failure and neglect of his official duties as County Auditor of said County in allowing said misappropriation of said funds, and Defendant, Standard Accident Insurance Company, as surety on the official bonds of the said Defendant, Ballard F. McKee, was severed from this cause, upon motion of said Appellee, Hidalgo County, and same was filed and docketed as a separate cause of action under a separate docket number and no further proceedings thereunder were had herein.

"The causes of action against the Defendant, Dodge C. Hogan, for taking, misapplying and converting of the sum of $29,-072.33 from public funds belonging to Hidalgo County; against the Defendant, Standard Accident Insurance Company, as surety on the official bonds of the said Defendant, Dodge C. Hogan, for the amount so misappropriated up to the limit of said bonds; and against Defendant,

Amador Rodriguez, for unlawfully receiving as salary the sum of $541.10, from the funds alleged to have been so misappropriated by the said Defendant, Dodge C. Hogan; were tried to a jury and the Court submitted only such matter to the jury in the form of Special Issues as related to the issue of limitations pleaded by the Defendants, Dodge C. Hogan and Standard Accident Insurance Company, each hereinafter referred to as 'Appellant', or jointly as 'Appellants'. The jury found, in substance, in answer to said Special Issues that at no time prior to four years before the filing of this suit, the Commissioners' Court of Hidalgo County, Texas, or the County Auditor of Hidalgo County, Texas, Ballard F. McKee, had notice of any facts which would have excited inquiry in the mind of a person of ordinary prudence, that, if pursued with reasonable diligence, would have led to a knowledge that discrepancies or defalcations in the account of Dodge C. Hogan as County Clerk existed or had occurred.

"The Court rendered judgment against Appellant, Dodge C. Hogan, for the entire amount of moneys alleged to have been taken and misappropriated by him, with interest on the parts of such sums as were taken and misappropriated during any annual period at the rate of six per cent per annum, from the first day of January following each such annual period; against Appellant, Standard Accident Insurance Company, for the total amount of moneys alleged to have been taken and misappropriated by its principal, Dodge C. Hogan, during each of his three terms of office as said County Clerk (with the exception of the 1947–1948 term of office for which term the judgment against said principal, Dodge C. Hogan, exceeded the $10,000.00 bond limit, and said judgment against this Appellant, Standard Accident Insurance Company, as Surety was limited as to the principal amount for such term to $10,000.00), with interest thereon in the same manner and rate as the judgment against Appellant, Dodge C. Hogan, said judgment against the said Appellant, Standard Accident Insurance Company, being joint and several, up to its total amount, with the judgment against Appellant, Dodge C. Hogan; and a judgment against Defendant, Amador Rodriguez (who has not appealed therefrom) for the sum of $330.65, being apart of and not in addition to, and being joint and several with, the judgment rendered against Appellants, Dodge C. Hogan and Standard Accident Insurance Company, jointly and severally."

Appellant's first contention is that the court abused its discretion in overruling his motion for continuance. This suit was filed on the 10th day of May, 1950, against Dodge C. Hogan, former County Clerk of Hidalgo County for misappropriation of public funds from January 1, 1945, to the 21st day of March, 1950, on which date Hogan resigned as county clerk. On or about March 1, 1950, the Commissioners' Court of Hidalgo County, having received information that there was something wrong with the accounts of Hogan as county clerk, appointed Otis K. Smith to audit his accounts. On March 25, 1950, Hogan resigned. This suit was filed on May 10, 1950, seeking to recover from Hogan the sum of more than $29,000, which it is alleged Hogan was short in his accounts as county clerk. The trial of this case took place almost a year later. Appellant's attorneys contended, however, that they did not have sufficient time within which to prepare their defense. They base this contention upon a number of different circumstances. When the suit was first filed Hogan was represented by a different firm of lawyers who continued to represent him up and until about March 23, 1951, when this firm of lawyers withdrew from the case and shortly thereafter the present attorneys were employed by Hogan. The first law firm filed answers for Hogan and represented him at the pretrial, at which a number of stipulations were entered into. O. K. Smith had completed his audit and it had been available to the attorneys for many months. The County Auditor of Hidalgo County, B. F. McKee, had also made an audit of Hogan's account, which was also available to appellant. It was very similar to the audit made by Smith. Hon. Arthur A. Klein, Judge of the 107th Judicial District who resides at Brownsville in Cameron

County, tried this case in Hidalgo County as a visiting judge. He attempted to get the parties to stipulate that O. K. Smith's audit might be regarded as a court audit but was unsuccessful in this, and he then apointed O. K. Smith to make an audit of Hogan's account under the provisions of Rule 172, Texas Rules of Civil Procedure. O. K. Smith made this audit and filed the same about four days before the trial began, on May 7, 1951, and made same available to appellant. During the trial the question was raised that Smith had not been legally appointed under Rule 172, because the order appointing the auditor was made in Cameron County and not in Hidalgo County, whereupon Judge Klein re-appointed Smith under Rule 172, and authorized him to withdraw the audit which he had filed and to refile the same. Smith withdrew the audit, made some slight changes in it and then refiled it on or about May 9, 1951, the date on which judgment was rendered herein. Hogan had filed his answer in this case on May 18, 1950, and had also filed many exceptions and objections to Smith's audit.

We agree to some extent with the contention made by appellant that where an auditor is appointed under Rule 172 he should file his audit well in advance of the trial so that the parties might be familiar with the audit before they go to trial. However, under the facts in this case where the suit was based upon Hogan's accounts as county clerk, audits of which had been accessible to him for many months, and there being no material difference in the final audits and the audits theretofore furnished and accessible to Hogan, he is not now in a position to contend that he was surprised in any way by the audit which Smith filed during the trial. Hogan, himself, was an attorney and auditor.

Appellant further contends that he was surprised when the court reversed the former order it had entered refusing a severance, and, on the day of trial, severed the cause of action as to B. F. McKee and the surety company and ordered a separate trial of the cause of action against Hogan. Appellant also points out that the county had applied to take the deposition of B. F.

McKee, County Auditor, and that he had hoped to have the privilege of cross-examining McKee while he was a codefendant with him. However, the taking of this deposition had been postponed by appellee from time to time and had never been taken. These facts present no reason for reversing this cause. Hogan had no particular right to have the county auditor sued with him as codefendant and the trial judge did not abuse his discretion in any way in granting the severance even on the day of the trial. Appellant's motion for a continuance is not a so-called statutory motion, and is therefore addressed to the judicial discretion of the trial judge. We find nothing in this record to indicate that the trial judge abused his discretion in overruling appellant's motion for continuance. Appellant cites the case of Coke v. Bargaimes, Tex.Civ.App., 116 S.W.2d 904, to support his contention that the report of an auditor appointed under Rule 172 must be filed well in advance of the day on which the case is set for trial. However, the facts in that case and the present case are quite different and, under the facts in this case, appellant has not shown that he was in any way prejudiced by the filing of an audit during the trial of a case.

Appellant next submits all of his remaining points of error under one statement and argument. These points, from 5 to 18, present many and varied questions. Appellant has seen fit to group them under two general propositions, so we shall discuss them in this manner. Appellant says:

"The fundamental proposition involved under these numerous points may be best presented in the following question: 'Did the appellant Hogan have the custody and control of the money at the time it was alleged to have been withdrawn by him from the account in the depository bank and with which he purchased revenue stamps?' "

The record shows that appellant deposited in several banks all of the fees which he received as County Clerk of Hidalgo County. He had also at other times deposited money which he received from the sale of revenue stamps to people who had instruments to be recorded. Sometimes he would deposit this money in the bank

and at other times he would not. It is clear that the money which he received for revenue stamps was not fees of office, because he was not in any way required to have these stamps for sale, but these stamps were kept for the accommodation of the public. From time to time appellant would draw a check on his account in the bank which was carried in the name of Dodge C. Hogan, County Clerk, for the purpose of purchasing more revenue stamps. It is apparent that when appellant would draw money from his account in the bank for the purpose of purchasing revenue stamps and would then fail to deposit in this account the proceeds from the sale of these stamps that he would be to this extent short in his account. Apparently the major portion of the shortage with which appellant is here charged arose in this manner. Appellant contends that when he collected money and deposited it in the bank it was in the county depository in the name of Dodge C. Hogan, County Clerk, that he had thereby discharged his duty of accounting for these funds and that the bank should not have honored any check of his against these funds other than for the purpose of paying them over to the county treasurer, and that the depository having paid these funds out on a check which he was not authorized to draw, they have not legally been paid out and are still in the bank, and that the bank and not appellant is responsible for these funds. In support of this contention we are cited to the case of Reynolds v. State, 130 Tex. Cr.R. 78, 92 S.W.2d 458, and Fannin County, Texas, v. New York Casualty Co., 5 Cir., 131 F.2d 664.

The more recent case of New York Casualty Co. v. State, Tex.Civ.App., 161 S.W. 2d 150, affirmed by the Supreme Court in 140 Tex. 549, 169 S.W.2d 158, holds contrary to appellant's contentions. Judge Hickman, speaking for the Supreme Court, said that even though an officer pays money belonging to the county into the county treasury, but then fails to pay it over to the county or state official entitled to receive it, he is responsible for such sums as are not payed over. Were we to sustain appellant's contention, we would be in conflict with the Supreme Court in this case. We do not see how the law could be otherwise than as stated in Judge Hickman's (now Chief Justice Hickman) opinion.

Appellant next says, "Another serious proposition raised by the points here discussed is the question 'Whether there is any evidence to support the jury's verdict, and the judgment of the court thereon, defeating appellant's plea of the four year statute of limitation to appellee's claim'." This suit covered a period from January 1, 1945, to March 21, 1950, which, of course, is a period of more than four years. Appellant is here contending that the four-year statute of limitation would bar recovery of any misappropriation which occurred prior to April 1, 1946. The evidence shows that neither the County Judge nor any of the County Commissioners, nor the County Auditor had knowledge of any defalcation on the part of appellant until shortly before the suit was filed in this case. What was said in Powell v. Archer County, Tex.Civ.App., 198 S.W. 1037, 1039, is applicable here: "But, aside from that conclusion, we do not concur in the contention of appellants that any failure * * * of the county commissioners to perform any of those statutory duties prior to March 7, 1912, would be such negligence on the part of the county commissioners as would bar a recovery under the plea of limitation. We are of the opinion that defendants could invoke the negligence of the county commissioners in failing to discover Powell's fraud only after they had knowledge of such facts, or notice of other facts which would have excited inquiry in the mind of a person of ordinary prudence that, if pursued with reasonable diligence, would have led to a knowledge of such defalcation, and that appellants are in no position to invoke in behalf of their plea of limitation the negligence of the county commissioners in a failure to perform their statutory duties in the absence of some facts amounting to notice of such defalcation." See also Franklin County v. Tittle, Tex.Civ.App., 189 S.W.2d 773.

Judgment in the sum of $330.65 was rendered against Amador Rodriguez, Deputy County Clerk under Hogan, but no appeal was taken by him. The Standard Accident

714

Insurance Company prosecuted a separate appeal in this case, but as it has not filed any brief herein its appeal will be dismissed for want of prosecution.

The judgment of the trial court is in all things affirmed.