George B. PARR, Appellant,

v.

Sam H. BURRIS ex rel. DUVAL COUNTY, Texas, et al., Appellees.

No. 12977.

Court of Civil Appeals of Texas.

San Antonio.

June 13, 1956.

Luther E. Jones, Jr., Corpus Christi, Looney, Clark & Moorhead, Everett L. Looney, Thomas E. James, Austin, for appellant.

Sam H. Burris, Alice, John Ben Shepperd, Atty. Gen., Sidney P. Chandler, Ralph R. Rash, Asst. Attys. Gen., for appellees.

W. O. MURRAY, Chief Justice.

This is an appeal from an order overruling a plea of privilege filed by George B. Parr, asserting his right to be sued in Duval County, Texas, the county of his residence.

The suit was instituted in the District Court of Jim Wells County by Sam H. Burris, District Attorney, on the relation of Duval County and others, against George B. Parr and Texas State Bank of Alice, a corporation, having a domicile in Jim Wells County. Venue is attempted to be fixed in the county of suit under Subdivision 4, 7, 9 or 29a, of Art. 1995, Vernon's Ann. Civ.Stats. The plea of privilege was controverted on August 2, 1955, and a copy of the controverting plea, together with the court's notation thereon setting the matter for a hearing, was mailed to the attorney for the defendant Parr by United States certified mail on the same date. The copy and notation was received by the attorney for Parr on August 4, 1955.

Appellant contends that the delivery of the copy of the controverting plea and the judge's notation thereon, by certified mail, does not meet the requirements of the provisions of Rule 87, Texas Rules of Civil Procedure, because the copy and notation were not sent by registered mail. The record shows that there is a difference between certified mail and registered mail. How-

ever, Rule 87, supra, in addition to providing that a defendant may be served with a copy of the controverting plea and the judge's notation thereon by registered mail, provides that it may also be served by simply delivering it to defendant or his counsel. Unquestionably, a copy of the controverting plea, together with the judge's notation thereon, was timely delivered to appellant's attorney by means of the certified mail of the United States, and this met the requirement of Rule 87, supra. See our opinion Parr v. Leal ex rel. Duval County, Tex., 290 S.W.2d 536.

Appellant contends that there is no evidence, and in any event insufficient evidence, to show venue in Jim Wells County, under Subdivisions 4, 7, 9 or 29a of Article 1995, Vernon's Ann.Civ.Stats., which were the subdivisions of the venue statute pleaded by appellees. The evidence is sufficient to show a cause of action against the Texas State Bank of Alice, Texas, a defendant having its domicile in Jim Wells County. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

The Texas State Bank of Alice was the County Depository of Duval County during the years 1946 and 1947, and as such had on deposit many funds belonging to Duval County. The record shows that the following transactions took place in the Texas State Bank of Alice. On January 13, 1947, $60,000 was withdrawn from the account of "Duval County Interest and Sinking Fund", $45,000, from "Duval County Road Bond Series 1941 Sinking Fund", $30,000, from "Duval County Special Road District No. 1 Fund", and $45,000, from "Duval County Road Bond Series 1944 Sinking Fund." These debits of the various sinking and special road district funds totaled $180,000. On that same day $180,000 was deposited or credited to the account of "Duval County Road and Bridge Special Fund." On January 14, 1947, there were withdrawals of $10,500 and $162,000 out of that special fund. On January 14, 1947, the said sums were deposited to the account of George

B. Parr, giving the source of same as "County of Duval." On July 28, 1947, George B. Parr paid his income tax with a check of $181,319.81, drawn on his account aforesaid in the defendant bank. During all this time the appellant, George B. Parr, was a stockholder, director and president of the defendant bank. Appellee called to the witness stand, as adverse parties, Givens A. Parr, active vice-president of the bank, B. F. Donald, Jr., cashier of the bank, Miss Jewel Mayfield, assistant cashier of the bank, Mrs. Mildred Daniel, who worked with the Recordak machine, sometimes referred to as the microfilm machine. All of these persons were with the bank during the years 1946 and 1947, but none of them had any recollection of just how or why these funds were transferred from one account to another and ultimately paid out by the president of the bank, George B. Parr, to the Collector of Internal Revenue. The bank kept microfilm records of its daily business, but a number of these records, which might have shed some light on these transactions, were missing. A search was made at the court house of Duval County for cancelled checks which might have had a bearing upon these transactions, but none were found. A further search was made at the First State Bank of Alice, which had purchased much of the property of the Texas State Bank, but no statements or cancelled checks were found that had any bearing upon these transactions. The bookkeeper of the Texas State Bank testified that sometimes funds were transferred from one account to another by means of credit and debit slips, and that these funds could have been transferred in this manner without there being any cancelled checks.

The unexplained evidence shows a diversion of funds from sinking fund accounts and special road district accounts to the road and bridge special fund, and from there to the personal account of George B. Parr, who was a stockholder, director and president of the Texas State Bank. Under

the statutes of this State, all of these transactions, when unexplained in any way, were on their face illegal.

Art. 94, Texas Penal Code, makes the borrowing, withholding or diverting of these funds a penal offense. It is also unlawful to transfer funds from one constitutional fund to another by the Commissioners' Court. Commissioners' Court of Henderson County v. Burke, Tex.Civ.App., 262 S.W. 94; Carroll v. Williams, 109 Tex. 155, 202 S.W. 504.

In New Amsterdam Casualty Company v. First National Bank of Gilmer, Tex.Civ. App., 134 S.W.2d 470, 474, the Court said:

> "If a county depository pay an unauthorized demand out of public money of a county, the money is not withdrawn from the depository, but is still a credit in favor of the county. State v. Tyler County State Bank, Tex.Com. App., 277 S.W. 625, 42 A.L.R. 1347, Id., 282 S.W. 211, 45 A.L.R. 1483; Watson v. El Paso County, Tex.Civ. App., 202 S.W. 126, 128; City of El Paso v. Two Republics Life Ins. Co., Tex.Civ.App., 278 S.W. 231, 235, writ refused; Reynolds v. State, 130 Tex. Cr.R. 78, 92 S.W.2d 458."

See also, New York Casualty Co. v. State, Tex.Civ.App., 161 S.W.2d 150; State v. Tyler County State Bank, Tex.Com.App., 277 S.W. 625, 42 A.L.R. 1347; City State Bank v. Willington Independent School Dist., 142 Tex. 344, 178 S.W.2d 114; Reynolds v. State, 130 Tex.Cr.R. 78, 92 S.W.2d 458.

The transfer of funds from the Duval County Interest and Sinking Fund, from the Road Bond Series 1941 Sinking Fund, and the Road Bond Series 1944 Sinking Fund, as shown by the evidence and unexplained in any way by the officers of the bank, was sufficient to make out a prima facie case against the Texas State Bank, the resident defendant.

The appellees having shown that the Texas State Bank of Alice was a resident of Jim Wells County, and having plead and sustained by a preponderance of the evidence a cause of action against the bank; and having alleged a joint cause of action against the resident and nonresident defendants, were entitled to maintain venue in Jim Wells County and the trial court did not err in overruling appellant's plea of privilege.

The judgment is affirmed. Our original opinion, handed down on May 9, 1956, will be withdrawn and this opinion substituted for it.

Appellant's motion for a rehearing is overruled.