# NO. 12-09-00128-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WALTER MALONE,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Walter Malone appeals his conviction for felony driving while intoxicated, for which he was sentenced to imprisonment for twenty-five years. In one issue, Appellant argues that the trial court erred by denying his motion to quash the indictment. We affirm.

### BACKGROUND

Appellant was charged by indictment with evading arrest and felony driving while intoxicated ("DWI"). With regard to the felony DWI charge, the indictment alleged that Appellant was previously convicted of misdemeanor DWI in cause number 51378 in the County Court at Law of Smith County, Texas. Appellant filed a motion to quash the indictment contending that the jurisdictional allegation concerning this prior DWI conviction was not valid because the judgment in that cause was never signed.[1] The trial court denied Appellant's motion. Thereafter, Appellant pleaded "guilty" to the DWI charge and "true" to the enhancement allegations. The trial court sentenced Appellant to imprisonment for twenty-five years, and this appeal followed.

### VALIDITY OF UNSIGNED JUDGMENT AS A JURISDICTIONAL ENHANCEMENT

In his sole issue, Appellant argues that the trial court committed error when it denied his motion to quash. We review a trial court's ruling on a motion to quash for abuse

---

[1] The trial court took judicial notice of the file in the misdemeanor DWI case and of the fact that the county court at law signed the separately filed sentence, but not the judgment.

of discretion. *Askari v. State*, 129 S.W.3d 160, 165 (Tex. App.–Texarkana 2003, pet. ref'd) (citing *Thomas v. State*, 621 S.W.2d 158, 164 (Tex. Crim. App. 1980)). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, without reference to any guiding rules and principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

A criminal defendant has the right to demand proper notice of the nature and cause of action against him. TEX. CONST. art. I, § 10; *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988). A charging instrument must convey adequate notice to allow the defendant to prepare his defense. *State v. Carter*, 810 S.W.2d 197, 199 (Tex. Crim. App. 1991); *DeVaughn*, 749 S.W.2d at 67. On its face, a charging instrument must allege facts necessary to (1) show the offense was committed, (2) bar a subsequent prosecution for the same offense, and (3) give the defendant notice of the precise offense for which he is charged. *See DeVaughn*, 749 S.W.2d at 67; *Walker v. State*, 828 S.W.2d 485, 489–90 (Tex. App.–Dallas 1992, pet. ref'd).

A trial court, on motion by a defendant, may set aside, quash, or dismiss a charging instrument for a defect in form or substance. See TEX. CODE CRIM. PROC. ANN. arts. 27.08, 27.09, 28.01 (Vernon 2006); *Miller v. State*, 909 S.W.2d 586, 591 (Tex. App.–Austin 1995, no pet.). Although the trial court may hold a hearing on a defendant's motion to quash, the trial court must judge the merits of an attack on a charging instrument's form or substance by the face of the instrument.[2] See *State v. Rosenbaum*, 910 S.W.2d 934, 947–48 (Tex. Crim. App. 1994) (J. Clinton, dissenting) (adopted as majority on reh'g); *Barnhart v. State*, 648 S.W.2d 696, 698 (Tex. Crim. App. 1983); *Reed v. State*, 762 S.W.2d 640, 645 (Tex. App.–Texarkana 1988, pet. ref'd). The trial court may not examine evidence. *Bourland v. State*, 133 Tex. Crim. 544, 112 S.W.2d 720, 720 (1937) (holding the trial court may examine only the accusatory pleading in judging a charging instrument's

---

[2] A trial court may conduct an evidentiary hearing on a motion to quash only if the motion alleges a defect in the preindictment process. *See, e.g.*, *Ray v. State*, 561 S.W.2d 480, 481 (Tex. Crim. App. 1977) (defendant must prove existence of unauthorized persons in grand jury proceedings); *Wheat v. State*, 537 S.W.2d 20, 21 (Tex. Crim. App. 1976) (defendant has burden to show complaint serving as basis for information was defective); *Worton v. State*, 492 S.W.2d 519, 520 (Tex. Crim. App. 1973) (defendant must prove defect in prior conviction alleged for enhancement purposes); *Guerra v. State*, 478 S.W.2d 483, 484 (Tex. Crim. App. 1972) (defendant must show systematic exclusion of minorities from grand jury service).

sufficiency).[3] The trial court should grant a motion to quash only if the language concerning the defendant's conduct is so vague or indefinite that it denies him effective notice of the acts he allegedly committed. *See DeVaughn*, 749 S.W.2d at 67.

Texas Code of Criminal Procedure, article 42.01, provides that "[a] judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1 (Vernon Supp. 2009). Appellant argues that because the judgment in cause number 51,378 was not signed by the trial court, it is legally void and should be unavailable for enhancement purposes. However, as Appellant concedes in his brief, "the validity of a conviction is not affected by the failure of the trial judge to sign the judgment." *Mulder v. State*, 707 S.W.2d 908, 913 (Tex. Crim. App. 1986) (prior conviction based on unsigned judgment valid for enhancement purposes) (citing *Harrell v. State*, 643 S.W.2d 686, 690 (Tex. Crim. App. [Panel Op.] 1982)); *see also Gutierrez v. State*, 456 S.W.2d 84, 86 (Tex. Crim. App. 1970); *Flores v. State*, 139 S.W.3d 61, 65 (Tex. App.–Texarkana 2004, pet. ref'd). Accordingly, we hold that the trial court did not err in overruling Appellant's motion to quash. Appellant's sole issue is overruled.

<u>DISPOSITION</u>

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 26, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[3] The facts underlying more recent cases suggest that a motion to quash is a permissible mechanism by which to challenge jurisdiction based on the validity of a prior conviction by which a DWI charge is enhanced. *See, e.g.*, *State v. Vasquez*, 140 S.W.3d 758, 758 (Tex. App.–Houston [14th Dist.] 2004, no pet.); *Egger v. State*, 62 S.W.3d 221, 222 (Tex. App.–San Antonio 2001, no pet.); *State v. Coop*, No. 04-95-00821-CR, 1996 WL 425987, at *1 (Tex. App.–San Antonio 1996, no pet.). The State has not challenged on appeal Appellant's employment of a motion to quash for this purpose. Assuming, without deciding, that a motion to quash is an appropriate mechanism for this purpose, we will address Appellant's sole issue.