NO









NO. 12-09-00128-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

WALTER MALONE,                                         '     APPEAL
FROM THE 7TH

APPELLANT

                                                                             '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     SMITH COUNTY,
TEXAS

APPELLEE

 

 





                                                      MEMORANDUM
OPINION

            Walter Malone appeals his conviction for felony driving while
intoxicated, for which he was sentenced to imprisonment for twenty-five years. 
In one issue, Appellant argues that the trial court erred by denying his motion
to quash the indictment.  We affirm.

Background

            Appellant was charged by indictment with evading arrest and
felony driving while intoxicated (“DWI”).  With regard to the felony DWI
charge, the indictment alleged that Appellant was previously convicted of
misdemeanor DWI in cause number 51378 in the County Court at Law of Smith
County, Texas.  Appellant filed a motion to quash the indictment contending
that the jurisdictional allegation concerning this prior DWI conviction was not
valid because the judgment in that cause was never signed.[1] 
The trial court denied Appellant’s motion.  Thereafter, Appellant pleaded
“guilty” to the DWI charge and “true” to the enhancement allegations.  The
trial court sentenced Appellant to imprisonment for twenty-five years, and this
appeal followed.

 

Validity of Unsigned Judgment as a
Jurisdictional Enhancement

            In his sole issue, Appellant argues that the trial court
committed error when it denied his motion to quash.  We review a trial court’s
ruling on a motion to quash for abuse of discretion.  Askari v. State,
129 S.W.3d 160, 165 (Tex. App.–Texarkana 2003, pet. ref’d) (citing Thomas
v. State, 621 S.W.2d 158, 164 (Tex. Crim. App. 1980)).  A trial court
abuses its discretion when it acts in an arbitrary or unreasonable manner,
without reference to any guiding rules and principles.  Montgomery v.
State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

            A criminal defendant has the right to demand proper notice of
the nature and cause of action against him.  Tex.
Const. art. I, § 10; DeVaughn v. State, 749 S.W.2d 62, 67
(Tex. Crim. App. 1988).  A charging instrument must convey adequate notice to
allow the defendant to prepare his defense.  State v. Carter, 810
S.W.2d 197, 199 (Tex. Crim. App. 1991); DeVaughn, 749 S.W.2d at
67.  On its face, a charging instrument must allege facts necessary to (1) show
the offense was committed, (2) bar a subsequent prosecution for the same
offense, and (3) give the defendant notice of the precise offense for which he
is charged.  See DeVaughn, 749 S.W.2d at 67; Walker
v. State, 828 S.W.2d 485, 489–90 (Tex. App.–Dallas 1992, pet. ref’d).  

A trial court, on motion by a defendant, may set aside,
quash, or dismiss a charging instrument for a defect in form or substance.  See
Tex. Code Crim. Proc. Ann. arts.
27.08, 27.09, 28.01 (Vernon 2006); Miller v. State, 909 S.W.2d
586, 591 (Tex. App.–Austin 1995, no pet.).  Although the trial court may hold a
hearing on a defendant’s motion to quash, the trial court must judge the merits
of an attack on a charging instrument’s form or substance by the face of the
instrument.[2]
 See State v. Rosenbaum, 910 S.W.2d 934, 947–48 (Tex. Crim. App. 1994)
(J. Clinton, dissenting) (adopted as majority on reh’g); Barnhart v.
State, 648 S.W.2d 696, 698 (Tex. Crim. App. 1983); Reed v. State,
762 S.W.2d 640, 645 (Tex. App.–Texarkana 1988, pet. ref’d).  The trial court
may not examine evidence.  Bourland v. State, 133 Tex. Crim. 544,
112 S.W.2d 720, 720 (1937) (holding the trial court may examine only the
accusatory pleading in judging a charging instrument’s sufficiency).[3]
 The trial court should grant a motion to quash only if the language concerning
the defendant’s conduct is so vague or indefinite that it denies him effective
notice of the acts he allegedly committed.  See DeVaughn,
749 S.W.2d at 67.

            Texas Code of Criminal Procedure, article 42.01, provides
that “[a] judgment is the written declaration of the court signed by the trial
judge and entered of record showing the conviction or acquittal of the
defendant.”  Tex. Code Crim. Proc. Ann.
art. 42.01 § 1 (Vernon Supp. 2009).  Appellant argues that because the judgment
in cause number 51,378 was not signed by the trial court, it is legally void
and should be unavailable for enhancement purposes.  However, as Appellant
concedes in his brief, “the validity of a conviction is not affected by the
failure of the trial judge to sign the judgment.”  Mulder v. State,
707 S.W.2d 908, 913 (Tex. Crim. App. 1986) (prior conviction based on unsigned
judgment valid for enhancement purposes) (citing Harrell v. State,
643 S.W.2d 686, 690 (Tex. Crim. App. [Panel Op.] 1982)); see also Gutierrez
v. State, 456 S.W.2d 84, 86 (Tex. Crim. App. 1970); Flores v.
State, 139 S.W.3d 61, 65 (Tex. App.–Texarkana 2004, pet. ref’d). 
Accordingly, we hold that the trial court did not err in overruling Appellant’s
motion to quash.  Appellant’s sole issue is overruled.

 

Disposition

 

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment.

                                                                                                  
JAMES T. WORTHEN  

                                                                                                                
Chief Justice

 

Opinion delivered February 26, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

(DO NOT PUBLISH)









[1] The trial court took judicial
notice of the file in the misdemeanor DWI case and of the fact that the county
court at law signed the separately filed sentence, but not the judgment. 





[2] A trial court may conduct an
evidentiary hearing on a motion to quash only if the motion alleges a defect in
the preindictment process.  See, e.g., Ray v. State, 561
S.W.2d 480, 481 (Tex. Crim. App. 1977) (defendant must prove existence of
unauthorized persons in grand jury proceedings); Wheat v. State,
537 S.W.2d 20, 21 (Tex. Crim. App. 1976) (defendant has burden to show
complaint serving as basis for information was defective); Worton v.
State, 492 S.W.2d 519, 520 (Tex. Crim. App. 1973) (defendant must prove
defect in prior conviction alleged for enhancement purposes); Guerra v.
State, 478 S.W.2d 483, 484 (Tex. Crim. App. 1972) (defendant must show
systematic exclusion of minorities from grand jury service).

 





[3] The facts underlying more recent
cases suggest that a motion to quash is a permissible mechanism by which to
challenge jurisdiction based on the validity of a prior conviction by which a
DWI charge is enhanced.  See, e.g., State v. Vasquez,
140 S.W.3d 758, 758 (Tex. App.–Houston [14th Dist.] 2004, no pet.); Egger
v. State, 62 S.W.3d 221, 222 (Tex. App.–San Antonio 2001, no pet.); State
v. Coop, No. 04-95-00821-CR, 1996 WL 425987, at *1 (Tex. App.–San
Antonio 1996, no pet.).  The State has not challenged on appeal Appellant’s
employment of a motion to quash for this purpose.  Assuming, without deciding,
that a motion to quash is an appropriate mechanism for this purpose, we will
address Appellant’s sole issue.